JOHN CHISHOLM'S (dependent's) CASE.

Suffolk.    May 20, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.  *Proximate Cause.  Evidence,* Presumptions and burden of proof.

At the hearing of a claim under the workmen's compensation act for compensation for injuries resulting in death, it appeared that the employee's duties were to care for a church building, rectory and parish house of his employer; that he occupied with his family rooms on the third floor of the parish house; that he had no set hours, was "there all of the time"; that the rooms were provided in part payment for his services; that the night before his death he had complained of a distressed stomach; and at two o'clock the next morning his body was found on the ground beneath a window of his sleeping room, the sill of which was twenty-two inches above the floor. Compensation was refused. On appeal, it was *held,* that

(1) The burden of proof was upon the claimant to show that the death of the employee arose out of and in the course of his employment; it was not enough to show a state of facts which were as consistent with there being no right to compensation as they were with there being such a right;

(2) It not being known what the employee was doing at the time of his accident, such burden as a matter of law was not sustained: no facts appeared from which it reasonably could be inferred that the employee at the time he met his death was engaged in any business of his employer, or necessarily incidental to it, and it could not be inferred that he was injured because of his employment.

CERTIFICATION, under the provisions of the workmen's compensation act, of a decision by the Industrial Accident Board, denying a claim for compensation for injuries resulting in the death of John Chisholm.

In the Superior Court, the case was heard by Cox, J., by

whose order a final decree was entered denying the claim. The claimant appealed.

*P. J. Reynolds*, for the claimant.

*G. Gleason*, for the insurer. .

CARROLL, J. The deceased employee was employed as sexton of St. Anne's Church in Lowell. It was his duty to care for the church, rectory and parish house. He occupied with his family rooms on the third floor of the parish house. About two o'clock in the morning of May 27, 1929, his body was found on the ground below a window of his sleeping room. The sill of this window was twenty-two inches above the floor of the bedroom. Before going to bed, the employee complained of a distressed stomach. His daughter was aroused from her sleep by a noise; she went to her father's room and found the bed empty. It was found that the cause of death was a fractured skull resulting from the fall through the window. There was evidence showing that the employee "cleaned the church . . . did numerous duties for the rectory, looked after his fires . . . looked after the rooms in the parish house that were occupied by different clubs"; that he "had no set hours. He was there all of the time" and "had rooms in the parish house so that" he "could be called upon at any time. He was liable to be called at any time." The rooms in the parish house were provided by the church in part payment of the employee's services. In the Superior Court a decree was entered for the insurer; the claimant appealed.

The burden of proof was upon the claimant to show that the death of her husband arose out of and in the course of his employment. It is not enough to show a state of facts which are as consistent with no right to compensation as they are with such a right. "The theory that the injury was received from a cause outside the employment is as consistent with the facts as is the supposition that it arose out of the performance of something connected with the employee's service." *Foster's Case*, 242 Mass. 386, 388. In such circumstances it is not shown that the injury arose out of and in the course of the employment. In this respect the case is governed by *Hallett's Case*, 230 Mass.

326, *McMahon's Case,* 236 Mass. 473, and *Foster's Case,* *supra.*

Assuming, but not deciding, that the case falls within the rule of *Doyle's Case,* 256 Mass. 290, and *Sullivan's Case,* 265 Mass. 463, it is not known what the employee was doing at the time of the accident. He was in his own home; he may have been occupied in some personal act, household transaction or some business of his own not connected with his employment. It is as reasonable to assume that the injury resulted from a cause not connected with his employment as to assume it resulted from his employment.

On the evidence, construing it most favorably to the claimant, no facts appear from which it can be reasonably inferred that the employee was at the time he met his death engaged in any business of his employer, or necessarily incidental to it, and it cannot be inferred that he was injured because of his employment. The fact that the window sill was twenty-two inches above the floor does not help the claimant on this point. ·

*Decree affirmed.*