DENNIS J. COLLINS's (dependent's) CASE.

Suffolk.    March 3, 1937. — September 17, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

While an employee of a gas plant, who died from inhaling gas in a closed room in the plant, properly was found to have died in the course of his employment, a finding that his death arose out of his employment was not warranted in the absence of evidence as to the manner or cause of the inhalation of the gas.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation in proceedings under the workmen's compensation act.

A decree in accordance with the decision by the board was entered by order of *Goldberg*, J. The insurer appealed.

The case was argued at the bar in March, 1937, before *Rugg*, C.J., *Pierce*, *Field*, *Lummus*, & *Qua*, JJ., and afterwards was submitted on briefs to all the Justices.

*W. M. Brady*, (*W. G. Reed* with him,) for the insurer.

*T. S. Herlihy*, for the claimant, submitted a brief.

RUGG, C.J. The deceased was an employee of long standing of the Haverhill Electric Company at its gas plant in Newburyport, where he met his death on August 5, 1935. He was found dead in the office, where he had a right to be and where no one else had occasion to be at that time.

There were in the room gas pipes to a "heatrola," a sort of gas heater, and to a water heater; but the pipes to these were closed by valves that could not be opened without a wrench. There were, however, two other gas pipes terminating in "hose cocks" which could be turned on and off by hand like an ordinary gas jet. These were located two or three inches from the wall of the room, on a shelf about a foot wide, about two feet above the floor. The shelf had been prepared to hold a machine called a calorimeter which was to be connected with these hose cocks, but which had never been installed. In fact, the shelf was used only to support a radio telephone receiving set.

On the day of his death, the employee was in good spirits when he went to work about noon. About six o'clock in the afternoon his body was found, in an armchair in front of and about two feet from the shelf. One hand was on the shelf, the head rested on the wrist, and the other arm hung limp. There was a strong smell of gas, but the cocks on the shelf were closed. No leaks were found in the pipes. The radio was not in operation. The windows were closed, although it was a warm summer day. Death was the result of gas poisoning. When found, the employee had been dead only a few minutes. There was medical evidence that one can be killed by breathing air which is heavily charged with poisonous gas, as from a tube or pipe near him, even though he is in the open.

The claimant was bound to show that the employee met his death from a personal injury arising out of and in the course of his employment. The burden of proof was on her to prove that fact. *Sponatski's Case*, 220 Mass. 526, 527, 528. It was agreed that the decedent came to his death by carbon monoxide poisoning from the inhalation of gas fumes. The death occurred in the course of his

employment because he was where his work would call him to be when he died. The board was warranted in not finding that he died from suicide. *Silva* v. *Fidelity & Casualty Co.* 252 Mass. 328, 330. The evidence, however, did not warrant a finding that the claimant sustained the burden of proving that the employee met his death by a personal injury arising out of his employment. The cause of his death is a complete blank. There is nothing whatever to indicate how he could have inhaled gas in sufficient quantity to cause death by any means arising out of his employment. The principle of cases like *MacDonald's Case*, 277 Mass. 418, 422, *Chisholm's Case*, 272 Mass. 259, and *Rozek's Case*, 294 Mass. 205, governs and demonstrates that there can be no compensation on these facts. The evidence did not warrant a finding that the plant was so constructed, maintained or operated that free gas in a quantity to cause death by asphyxiation had been or could be generally present in the plant or in the office. The evidence does not show that to be a danger to which the employee was exposed in doing his daily work. The claimant did not go far enough to show that gas was an ever present danger to the employee, and neither the facts in evidence nor common knowledge warrants that assumption.

It follows that, in the opinion of a majority of the court, the decree in favor of the claimant must be reversed and a decree entered in favor of the insurer.

*So ordered.*