Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Marger, Inc. and State Farm Fire Casualty Co. *v.* Isabelle Greene, Widow of Monroe Greene. Isabelle Greene, Appellant.

Argued May 9, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

Patrick A. Gleason, with him Gleason, DiFrancesco, Shahade and Markovitz, for appellant.

Harry B. Thatcher, with him James N. Diefenderfer, for appellees.

OPINION BY JUDGE BLATT, October 17, 1975:

This action is again before us after having been remanded to the referee under our order to the Workmen's Compensation Appeal Board (Board) in Greene v. Marger, Inc., 12 Pa. Commonwealth Ct. 423, 317 A.2d 358 (1974). In that order we directed that a proper adjudication be made with specific findings as to whether or not Monroe Greene, the claimant's husband, was killed in the course of his employment with Marger, Inc. (Marger). The referee thereupon found that the decedent was killed in the course of such employment and awarded benefits, but the Board reversed this finding and denied benefits. The claimant-widow now appeals to this Court, and we must reverse the Board and affirm the referee.

Whether or not an employee is in the course of his employment is, of course, a legal question based upon findings of fact all of which are subject to our review. Scarpelli v. Workmen's Compensation Appeal Board, 18 Pa. Commonwealth Ct. 30, 333 A.2d 828 (1975). The decedent here was employed by Marger, a business which owned and placed vending machines in commercial establishments at various locations. On remand, the referee made the following applicable findings regarding the decedent's employment by Marger and his activity in relation thereto on the day of the accident:

"THIRD: The duties of the decedent with the defendant included the overall supervision of the defendant's business, said business being that of owning and placing vending machines in business establishments in the area served by the defendant. These duties specifically entailed public relations with the defendant's customers and visiting their establishments served by the defendant on various occasions.

"FOURTH: On May 23, 1968 the decedent accompanied by his wife, the claimant-widow herein, was traveling by automobile on Route 22 from Altoona to Lewistown. The decedent stopped at Motel 22 located on Route 22 near Mt. Union, Pennsylvania, said establishment being one of the defendant's customers. The decedent entered the establishment, the claimant remained in the automobile.

"FIFTH. Upon resuming their journey to Lewistown with the intention of stopping at Corkin's Restaurant, Lewistown, Pennsylvania, another customer of the defendant, and shortly after leaving Motel 22 on May 23, 1968, the decedent was involved in a collision which resulted in his death on May 24, 1968."

It was admittedly true, however, that the decedent had just previously been engaged in business dealings in Altoona which were on behalf of another corporation, not Marger, with which he was also associated. As a matter of law, therefore, no presumption could be raised that he was engaged in the furtherance of Marger's business at the time of the accident, because he did not originally begin his journey on Marger's behalf. *J. R. Hess, Inc. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 87, 329 A.2d 923 (1975). It remained, therefore, the claimant's burden to prove that the decedent actually was engaged in furthering Marger's business at the time of the accident. *Bullock v. Building Maintenance, Inc.,* 6 Pa. Commonwealth Ct. 539, 297 A.2d 520 (1972).

In reversing the referee, the Board held that the claimant had not met her burden, and the evidence is clearly not conclusive either way. We must keep in mind, however, that a claimant who prevails before the fact finder is entitled to the benefit of the most favorable inferences deducible from the testimony. *General Tire and Rubber Company v. Workmen's Compensation Appeal Board*, 16 Pa. Commonwealth Ct. 473, 332 A.2d 867 (1975) ; *Chamberlain Corporation v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 486, 308 A.2d 177 (1973). Here, although the claimant did not expressly state that her husband was making stops at the two business locations on his return to Lewistown to further Marger's business, the unmistakable inference of her testimony is that he was indeed stopping at these establishments for such purposes. This was the conclusion reached by the referee, who was the fact finder and who heard the testimony, and we do not believe that it should have been disturbed by the Board on appeal.

We, therefore, enter the following

ORDER

AND, Now, this 17th day of October, 1975, the appeal by Isabelle Greene is sustained and the decision of the referee is reinstated and affirmed. Accordingly, Marger, Inc. is hereby ordered to pay to the claimant death compensation at the rate of $39.00 per week from May 25, 1968 for the duration of her widowhood, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

It is further ordered that Marger, Inc. shall reimburse the claimant the sum of $750.00 for burial expenses of the decedent, the maximum allowed under the Act.

The above award is to bear interest at the rate of 6% per annum on all deferred payments of compensation in accordance with the provisions of The Workmen's Compensation Act.