Atlas Hospital Equipment Company and Pennsylvania Manufacturers' Association Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Stella Battiste, Widow of Nicholas Battiste, Deceased, Respondents.

Argued March 14, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Edward G. Kuyat, Jr.,* of *Kuyat & Walker,* for petitioners.

*Richard J. Russell,* for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 14, 1980:

The petitioners appeal from an order of the Workmen's Compensation Appeal Board awarding dependent widow benefits to claimant Stella Battiste, under Section 307 of The Pennsylvania Workmen's Compensation Act.[1] The Board's order affirmed an award by the referee.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §562.

The claimant is the widow of one Nicholas Battiste, who died on November 7, 1974, as the result of an injury sustained on October 24, 1974 in the course of his employment at the Atlas Hospital Equipment Company, one of the instant petitioners. In February 1975, Mrs. Battiste filed a claim for dependent widow benefits. On September 15, 1975 the referee entered an award for the claimant and her dependent son. That award, in its initial form, granted compensation to the claimant at the weekly rate of $45.00 from November 7, 1974 for herself and her dependent son until he reached the age of eighteen, on April 24, 1975. Thereafter the claimant would receive $39.00 a week. The rate of compensation was subsequently changed to $90.00 a week for the claimant and her son until he reached eighteen; and thereafter the claimant would receive $76.50 a week.

When the award was entered on September 15, 1975 the petitioners appealed to the Board, challenging the proof as to the locus of the decedent's accident and the proof as to the claimant's dependency on the decedent. As a result of that appeal the Board remanded for additional evidence as to the place of the decedent's accident. After a remand hearing on January 25, 1977 the referee again found for the claimant. And again the petitioners appealed to the Board, asserting that there was not substantial evidence that the decedent was injured on the employer's premises or substantial evidence to permit a finding of dependency. The Board ordered yet another remand hearing, this time to reconstruct certain testimony because the transcript of the previous remand hearing had been lost. The new remand hearing was held on May 23, 1978; and again the referee entered an award for the claimant.

Once more the petitioners appealed to the Board. In that appeal they no longer contested the locus of

the accident or that the decedent was injured in the course of employment. The petitioners' sole contention was that the evidence did not support a finding that the claimant was dependent within the meaning of Section 307 of the Act. On that occasion the Board affirmed the referee and dismissed the appeal. It is from that order that the petitioners have appealed to this Court, still insisting that there is not substantial record evidence to support a finding of dependency within the meaning of Section 307.

The referee found that the claimant, at the time of the decedent's death, was dependent upon him for support. The referee expressly based that finding on the testimony given by the claimant and her son. That finding is amply supported by the claimant's testimony that the decedent paid all her monthly household bills, including electric, water, gas, car loan and credit accounts. She also testified that the decedent sent her $45.00 a week. The claimant's son testified that each week the decedent gave him $45.00 to deliver to her. Even though the claimant had been separated from the decedent for 15 months at the time of his death, the evidence clearly supports the finding that the decedent was providing support at the time of his death, and that the claimant was dependent on that support. We have specifically held that whether a claimant under Section 307 of the Act is dependent is a question of fact to be resolved by the referee. *Urso v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 184, 394 A.2d 1322 (1978). Clearly, on the record in the instant case there is no basis for disturbing the referee's finding of dependency.

Since the instant claimant was separated from her husband at the time of his death, she must prove not only dependency but also that his payments constituted a substantial portion of her support, if she is to qualify for benefits under Section 307 of the Act.

*Walker v. Aluminum Co. of America,* 185 Pa. Superior Ct. 355, 138 A.2d 197 (1958). In that regard, the petitioners seek a fatal omission in the fact that the referee did not describe the husband's payments with the magic words, "substantial portion of her support." From that, the petitioners assert that the Board made an impermissible independent finding of fact when it concluded that the decedent's payments were a "substantial portion of claimant's resources." The financial evidence in this case, and three successive awards by the referee on that evidence, negate the merit of that contention.

All the Board did was to use the existing financial evidence to compute the amount of monthly support, arriving at a monthly figure of $322.00. For the Board to add-up the separate amounts already in evidence and re-state them as a numerical total, does not constitute proscribed fact-finding. Using the claimant's 1974 federal tax statement, already in evidence, the Board calculated that her monthly earnings were $387.00 before taxes. Adding the total amount of monthly support to the claimant's monthly earnings, the Board concluded that the support from the claimant's husband was almost one-half of her monthly resources, and that it therefore constituted a substantial portion of her resources.

Indeed, the claimant herself painted an even stronger picture: she testified that during the time in question she made $133.00 every two weeks, clear of taxes; which amounts to $266.00 a month. She further testified that she was suporting a son in college. That testimony went without rebuttal.

We have held that on appeal the Board, without taking additional evidence, can assume facts not explicitly found by the referee when such an assumption is a logical implication of unrebutted testimony. *Workmen's Compensation Appeal Board v. American*

*Mutual Liability Insurance Co.,* 19 Pa. Commonwealth Ct. 502, 339 A.2d 183 (1975). In our view, the Board's conclusion as to the portion of the claimant's resources provided by the husband was a logical implication.

Furthermore, it is well established that a claimant who prevails before the referee is entitled to the benefit of the most favorable inferences deducible from the testimony and other evidence. *E.g., Workmen's Compensation Appeal Board v. Greene,* 21 Pa. Commonwealth Ct. 375, 346 A.2d 843 (1975). From the evidence in this case it was clearly inferable that the amounts given by the claimant's husband constituted a substantial portion of her support; and she is entitled to the benefit of that inference.

Accordingly, we affirm the order of the Board in this case.

### ORDER

AND Now, the 14th day of May, 1980, the order of the Workmen's Compensation Appeal Board, dated June 21, 1979, granting benefits to Stella Battiste is affirmed.

It is ordered that judgment be entered in favor of Stella Battiste and against the Atlas Hospital Equipment Company and/or its above named insurance carrier in the amount of $90.00 per week for herself and her dependent son Anthony Battiste, beginning November 7, 1974 and until April 24, 1975 when the said dependent son reaches eighteen (18) years of age. After April 24, 1975 the said Atlas Hospital Equipment Company and/or its insurance carrier shall pay to claimant Stella Battiste the amount of $76.50 per week, to continue indefinitely in accordance with the provisions of The Pennsylvania Workmen's Compensation Act in effect at the time of the injury.

The Atlas Hospital Equipment Company and/or its insurance carrier is hereby directed to pay medical expenses in the amount of $2254.05, and reimburse the claimant for funeral and burial expenses in the amount of $750.00. Further, the said defendants shall pay deposition costs in the amount of $196.00.

Accrued compensation shall bear statutory interest in accordance with the provisions of the Act.