Catherine Krist, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and National Home Life and Assurance Company, Respondents.

128

Argued October 6, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Terry W. Knox, MacElree, Harvey, Gallagher, O'Donnell & Featherman, LTD,* for petitioner.

*C. Robert Elicker, Jr., Klein, Elicker, Head & Knauer,* for respondents.

OPINION BY JUDGE ROGERS, December 5, 1980:

This is Catherine Krist's appeal from a decision of the Workmen's Compensation Appeal Board affirming a referee's determination that Mrs. Krist's disability related to her back is not compensable under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

The facts as found by the referee and supported by substantial evidence in the record are as follows:

Mrs. Krist was employed by National Home Life and Assurance Company as a mail clerk. She suffered for several years prior to the event about to be described from stiffness in her legs and occasional episodes of dizziness. While standing at the cafeteria counter during a morning coffee break, Mrs. Krist fell backwards, landing on her back and head. There was no objectively perceivable cause for the fall; and Mrs. Krist's repeated uncontradicted testimony was to the effect that she had experienced no dizziness immediately prior to the incident. Subsequent diagnosis revealed an advanced arthritic disease of the spine aggravated by the fall. She had surgery for the removal of two spinal discs and fusion with bone grafts. At the time of the hearing Mrs. Krist's condition had improved but she was still unable to walk unaided or to engage in any activities requiring standing or walking, including those of her former employment. Her surgeon testified that further significant improvement was unlikely.

The issue is whether the aggravation of Mrs. Krist's preexisting back condition is an injury as defined by Section 301(c)(1) of the Act, 77 P.S. §411(1), which provides:

> The terms 'injury' and 'personal injury', as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto.
>
> . . .

The referee, with whom the Appeal Board agreed, concluded that Mrs. Krist had suffered an injury in the course of her employment but that no compensation should be awarded because the injury was re-

lated to her preexisting conditions of dizziness and stiffness and that it was not related to her employment. This conclusion, we believe, is incorrect and requires us to reverse the Board's order denying compensation.

In *Workmen's Compensation Appeal Board v. U.S. Steel Corp.*, 31 Pa. Commonwealth Ct. 329, 376 A.2d 271 (1977), allocatur refused sub nom. *Slaugenhaupt v. U.S. Steel Corp.*, Nov. 29, 1977, an epileptic employee suffered a seizure and lost control of his automobile which struck a concrete abutment in the employer's parking lot, causing fatal injuries. We held the employee's death to be compensable, rejecting the argument that it was not related to his employment because the seizure caused the automobile to be out of control. We there reasoned that the phrase "and related thereto" added to Section 301 (c)(1) by the 1972 amendments to the Act which also greatly enlarged workmen's benefits should not be interpreted "as imposing an additional condition to compensability in cases which were compensable prior to the adoption of the 1972 legislation. In our view, the phrase has crucial application only in cases which would not have been compensable prior to 1972; that is, cases in which the injuries do not result from an 'accident' as that phrase was formerly variously defined." *Id.* at 334, 376 A.2d at 274. Hence, if Mrs. Krist's injuries as the result of her fall were compensable before the 1972 amendments, they remain so.

In *McCarthy v. General Electric Co.*, 293 Pa. 448, 143 A. 116 (1928), workmen's compensation benefits were claimed by the widow of an employee who was found unconscious at his workplace after an unexplained fall. The referee denied benefits on the basis of testimony that the deceased employee had a syph-

ilitic brain tumor which, it was argued, was the proximate cause of the fall. The Supreme Court rejected this argument holding that:

> it is not necessary that the fall result from an accident, as the fall is the accident; nor is it material that the employee fell because he became dizzy or unconscious. An injury sustained by an accidental fall is compensable although the fall resulted from some disease with which the employee was afflicted. In the instant case McCarthy was not without the protection of the Act, if hurt by a fall, although it resulted from a lapse of the brain, whether it was [the tumor] or merely vertigo. An accidental injury during the course of employment, from an unexplained cause is compensable and the burden is not on a claimant to show the exact cause [citations omitted].

*Id.* at 451-452, 143 A. at 117-118.

Later decisions have reiterated the principle that injuries received by an employee in a fall on the employer's premises during working hours are compensable even though the fall was caused by a preexisting physical condition of the employee totally unconnected with his employment. *See Miller v. Schiffner,* 196 Pa. Superior Ct. 84, 173 A.2d 707 (1961); *Allen v. Patterson-Emerson-Comstock,* 180 Pa. Superior Ct. 286, 119 A.2d 832 (1956); *Dunbeker v. Duquesne Brewing Co.,* 141 Pa. Superior Ct. 80, 14 A.2d 905 (1940). *See also* 1 A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease, §318 (1975). Therefore, since it is undisputed that Mrs. Krist's accidental fall took place on her employer's premises at a time when her presence was required by the terms of her employment, any injury or aggravation of a preexisting condition caused by the fall is compensable under the Act.

Accordingly, we enter the following

ORDER

AND Now, this 5th day of December, 1980, the decision of the Workmen's Compensation Board of Review affirming the denial of benefits to Catherine Krist is reversed and the record is remanded for the computation of benefits with leave granted to Mrs. Krist to then file a Praecipe for Judgment in this Court.

Judge MENCER dissents.