Bethlehem Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Furnari, Jr.), Respondents.

Argued October 6, 1983, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for petitioner.

*Kevin L. Sanders,* for respondent, Thomas Furnari, Jr.

OPINION BY JUDGE WILLIAMS, JR., May 25, 1984:

Bethlehem Steel Corporation (employer) petitions for review of the opinion and order of the Workmen's Compensation Appeal Board reversing the order of the referee and awarding compensation to Thomas Furnari, Jr. (claimant) with interest for the period from April 25, 1981 to October 5, 1981 and payment of a medical bill under the provisions of The Pennsylvania Workmen's Compensation Act (Act).[1]

On April 24, 1981, while on the employer's premises, the claimant was leaving work after punching out. As he was walking toward the gate his leg gave way for no known reason and he fell to the ground fracturing his right distal tibia and fibula bones.

The referee dismissed the claim petition, concluding that because the claimant's injury was not caused by the condition of the employer's premises or by reason of the operation of the employer's business thereon, the claimant failed to prove a compensable injury under the Act.[2] The Board reversed under *Krist v.*

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1066.

[2] In a workmen's compensation proceeding, the claimant has the burden of establishing the right to compensation and all of the

*Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 127, 422 A.2d 1220 (1980)[3].

The employer contends that the Board exceeded its scope of review by substituting a finding of fact that the claimant fell and that his injury was caused by his fall and that the Board's legal conclusion that the claimant's injury occurred in the course of his employment and was related thereto is, therefore, erroneous as a matter of law. We disagree.

Of course, issues of credibility, resolution of conflicting testimony and the weight to be given to the evidence are matters within the province of the referee in a workmen's compensation proceeding. *Port Authority of Allegheny County.* Neither the Board nor this Court can substitute its discretion for that of the referee if the referee's findings are supported by substantial evidence. *Id.* However, the Board did not substitute its own findings for those of the referee in this case.

In his finding of fact number 4, the referee found:

On April 24, 1981, after the claimant had worked the 3-11 shift and had punched out, he was walking along the usual path for leaving the mill which was of dirt and gravel construction at a point twenty-five (25) feet from the gate at Laurel Avenue, the claimant's leg "gave way" for no known reason as a result of which he suffered a fracture of the right distal tibia and fibula bones.

elements necessary to support an award. *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Allen),* 73 Pa. Commonwealth Ct. 49, 457 A.2d 597 (1983).

[3] In *Krist,* we held that a claimant's accidental fall occurring on the employer's premises at a time when his presence is required by the terms of his employment which results in an injury or an aggravation of a preexisting condition is compensable under the Act.

The Board's assertion that the claimant was injured as a result of falling is not materially different. The fact that the claimant fell is necessarily implicit in this finding. As we have recognized, the Board may not reverse a fact finding of a referee without taking further evidence or holding the referee's finding to be unsupported by competent evidence. *Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Nonetheless, the Board is not without the power to construe the referee's findings to correct an error of law. In *Workmen's Compensation Appeal Board v. H. P. Foley Co.,* 18 Pa. Commonwealth Ct. 540, 336 A.2d 892 (1975), we allowed the Board to substitute three of its own findings of fact without taking additional testimony because the referee had failed o consider the availability of work issue. We held that the Board was really finding that the referee erred as a matter of law and made additions and deletions to the findings of the referee reflecting that determination. Also, in *Atlas Hospital Equipment Company v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 358, 414 A.2d 436 (1980) and *Workmen's Compensation Appeal Board v. American Mutual Life Insurance Company,* 19 Pa. Commonwealth Ct. 502, 339 A.2d 183 (1975), we concluded that the Board was justified in assuming certain facts not explicitly found by the referee by the obvious implications of unrebutted testimony on record. Here, the claimant was the only witness at the hearing and we believe that the Board's action was consistent with our holdings in *Atlas Hospital Equipment* and *American Mutual Life Insurance.* Consequently, we find that the Board did not err in concluding that this case is controlled by *Krist.*

Accordingly, we will affirm the Board.

ORDER

AND Now, this 25th day of May, 1984, the order of the Workmen's Compensation Appeal Board, No. A-83044, is affirmed.