# McCarthy *v.* General Electric Co., Appellant.

*Workmen's compensation—Death—Fall in course of employment —Evidence—Findings, conclusiveness of—Disease—Appeals—Record—Waiver of errors.*

1. Where, in a workmen's compensation case for death, it appears that the deceased fell while on the employer's premises and engaged at his work, it will be held that the injury was sustained during the course of his employment within the provisions of the statute.

2. In such case, there is sufficient evidence to sustain a finding of the fact of an accident, where it appears that, although no one saw the deceased fall, yet it was heard, and he was immediately found unconscious with his face in a pool of blood.

3. In Pennsylvania it is not essential that the injury grew out of the employment; it is sufficient if the accidental injury happened in the course of the employment.

4. An injury sustained by an accidental fall is compensable although the fall resulted from some disease with which the employee was afflicted.

5. Where death happens after a fall, and it is claimed that the fall was the result of disease, it is necessary for the complainant to establish the fact that the deceased died as a result of the fall rather than from another cause; but if such other cause is unexplained, the burden is not on the claimant to show the exact cause.

6. Where in such case the medical experts called for plaintiff express the opinion that death resulted from the accident and those called for defendant express a contrary opinion the question becomes one of fact for the compensation authorities to decide.

7. The facts found by the compensation authorities are as conclusive on appeal as the verdict of a jury.

8. A judgment in a compensation case will not be reversed because some questions asked of the experts omitted certain material data, where the record shows that no objection was made at the time to the questions, and no motion made to strike out the answers.

9. A litigant cannot sit by and permit evidence to go into the record, and then escape the final decree because of the improper form of the questions.

Argued May 7, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 316, Jan. T., 1927, by defendant, from judgment of C. P. Erie Co., Sept. T., 1926, No. 218, affirming decision of Workmen's Compensation Board allowing claim, in case of Mary McCarthy v. General Electric Company. Affirmed.

Appeal from decision of Workmen's Compensation Board allowing claim. Before BOUTON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.
Decision affirmed. Defendant appealed.

450 McCARTHY *v.* GENERAL ELECTRIC CO., Appellant.

*Error assigned* was judgment, quoting record.

*J. M. Sherwin,* with him *W. S. Carroll,* for appellant. —Where an injury may be the result of one of two or more causes, for only one of which defendant is liable, the burden is on plaintiff to individuate that one as the approximate cause of his damage, otherwise there can be no recovery: Gausman v. Pearson, 284 Pa. 348; Riley v. Steel Co., 276 Pa. 82; Marsh v. Groner, 258 Pa. 473; Mauchline v. Ins. Fund, 279 Pa. 524; McCauley v. Woolen Co., 261 Pa. 312; Lane v. Horn & Hardart Co., 261 Pa. 329.

The burden of proof is on claimant to establish personal injury by accident which happened at definite time, in definite place and under definite circumstances.

It is error to allow a hypothetical question which assumes a state of facts not warranted by the testimony either in words, or in substance, to be asked an expert witness: Kunkel v. Allentown P. C. Co., 249 Pa. 104; Albert v. Transit Co., 252 Pa. 527.

*Henry Bauer,* for appellee.—Appellant makes much of the fact that no one witnessed the accidental fall of deceased employee, and it is argued that even though a fall be conceded it does not follow that there was an accident. The facts in a number of cases decided by the Supreme Court have been no stronger or more certain than the facts in the instant case, yet inference of an accidental fall has been affirmed. Particular examples of such states of fact are found in: Flucker v. Steel Co., 263 Pa. 113; Zelazny v. Coal Co., 275 Pa. 397; Laraio v. R. R. Co., 277 Pa. 382, 384; Granville v. Coal Co., 76 Pa. Superior Ct. 335.

OPINION BY MR. JUSTICE WALLING, June 30, 1928:

In this workmen's compensation case, plaintiff claimed damages for the death of her husband. The claim was rejected by the referee but allowed by the compensation

board which, on a second appeal therefrom, was affirmed by the trial court, and this appeal by defendant followed. The only error assigned is to the judgment affirming the award of the compensation board and this assignment cannot be sustained.

While in defendant's employ on the evening of November 2, 1923, John W. McCarthy, the deceased, sustained, inter alia, a broken nose in a fall upon the floor of the plant. No one saw the fall but it was heard and he was immediately found, unconscious, with his face in a pool of blood. While no one saw the deceased fall, the circumstantial evidence thereof was sufficient to sustain the finding of an accident: Flucker v. Carnegie Steel Co., 263 Pa. 113, 118. On receiving first aid he recovered consciousness and was taken to a surgeon's office where he received proper attention and was sent to the hospital. The next morning, having left his bed without permission, he fell again, became unconscious and died five days after the accident. He was of middle age, apparently in good health, but the surgeon testified that when brought to his office Mr. McCarthy said he had gumma—a syphilitic tumor of the brain. It was also in evidence that he said he did not know how he happened to fall. The Wasserman test seemed to indicate that he had syphilis. As he fell while upon the employer's premises and engaged at his work, the injury was sustained during the course of his employment within the provisions of the statute. See section 301, Act of June 2, 1915, P. L. 736, 738. In England and some American jurisdictions, the injury must grow out of the employment, but our statute contains no such requirement. It is sufficient if the accidental injury happens in the course of the employment: Laraio v. P. R. R. Co., 277 Pa. 382; Callihan v. Montgomery, 272 Pa. 56; Clark v. Lehigh Valley Coal Co., 264 Pa. 529; Lane v. Horn & Hardart, 261 Pa. 329; Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335. Furthermore, it is not necessary that the fall result from an accident, as the fall is the acci-

dent; nor is it material that the employee fell because he became dizzy or unconscious. An injury sustained by an accidental fall is compensable although the fall resulted from some disease with which the employee was afflicted. In the instant case McCarthy was not without the protection of the act, if hurt by a fall, although it resulted from a lapse of the brain, whether it was gumma or merely vertigo. An accidental injury, during the course of employment, from an unexplained cause is compensable and the burden is not on a claimant to show the exact cause: Zelazny v. Seneca Coal Mining Co., 275 Pa. 397; Laraio v. P. R. R. Co., supra; Skinner's Pennsylvania Workmen's Compensation Law 54. If resulting from temporary mental lapse it is as compensable as though resulting from the friendly push of a fellow servant, or other untoward event.

It is very earnestly urged for defendant that death resulted from the syphilitic brain tumor and not from the fall and that is the vital question in the case. True, it was necessary for plaintiff to establish the fact that her husband died as a result of the fall rather than from other cause (Zimmerman v. Weinroth, 272 Pa. 537; Miller v. Director Gen. of R. R., 270 Pa. 330), whether she did so was, under the conflicting evidence, for the compensation board to decide. For claimant, two physicians,—one, the coroner who examined the body and the hospital charts, and the other, who testified as an expert from data given him concerning the case,—expressed very positive opinions that death resulted from a fracture at the base of the brain caused by the fall; while several physicians, called by defendant, who saw McCarthy after the accident, expressed equally positive opinions that death resulted from a syphilitic affection of the brain. There was no post-mortem held and the x-ray plates showed neither a tumor nor a fracture. The former would not likely appear and the latter might or might not according to location and conditions. The experts on each side gave substantial reasons for their conclu-

sions and the question, being one of fact, was for the compensation authorities to decide: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 168; Strohl v. Eastern Pa. Rys. Co., 270 Pa. 132. Where, as here, the finding is supported by substantial proof, it cannot be overruled by the courts, even when against the apparent weight of the evidence (Stahl v. Watson Coal Co., 268 Pa. 452, 458), for it is not our right or duty to weigh conflicting evidence: Vorbnoff v. Mesta Machine Co. et al., 286 Pa. 199; Rodman v. Smedley et al., 276 Pa. 296. The facts found by the compensation authorities are as conclusive on appeal as the verdict of a jury: Sgattone v. Mulholland & Gotwals, Inc., et al., 290 Pa. 341.

It having been found that McCarthy died as the result of an accidental fall sustained in the course of his employment, the right of his widow to compensation was not affected by the fact that he may have been afflicted with syphilis or even had a tumor of the brain or some other life-shortening malady: Guyer v. Equitable Gas Co., 279 Pa. 5; Whittle v. Nat. Aniline & C. Co., 266 Pa. 356. See also Bakunas v. Phila. & R. C. & I. Co., 78 Pa. Superior Ct. 175.

It is suggested for appellant that some of the questions asked of plaintiff's experts omitted certain material data; as to that it is sufficient to say no objection was made to the questions or motion made to strike out the answers and that the only error assigned is to the final judgment. A litigant cannot sit by and permit evidence to go in the record and then escape the final decree because of the improper form of the questions. Had timely objection been made thereto, the questions could have been framed so as to meet it. See McHenry v. Marion Center Coal Mining Co., 286 Pa. 177, 179; Vorbnoff v. Mesta Machine Co. et al., supra.

Appellant relies on Gausman v. R. T. Pearson Co., 284 Pa. 348; but it is not applicable. There plaintiff suffered a stroke of apoplexy from natural causes, unconnected with his employment, and we held it was not an

accident covered by the workmen's compensation statutes. Nothing happened to Gausman but the natural stroke, while in the instant case it was found as a fact that McCarthy's death resulted from injuries sustained by a fall and not from natural causes.

The judgment is affirmed.