MANUEL S. VARAO'S (dependent's) CASE.

Suffolk.     May 2, 1944. — June 2, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Proximate Cause.*

A fatal fracture of an employee's skull sustained when, in the performance of his duties, he became dizzy due to a hypertensive heart disease and fell, striking his head on an iron motor box attached to a machine, warrantably was found to have been proximately caused by the fall and not by the disease and to have been an injury arising out of his employment within the workmen's compensation act.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

A decree for the claimant was entered by order of *Morton*, J. The insurer appealed.

*E. Field,* (*R. E. Bernard* with him,) for the insurer.
*G. P. Ponte,* for the claimant.

RONAN, J. The question presented is whether the death of the employee, a foreman, who, while actively engaged in the performance of his duties in walking around supervising the work of the employees, was seized with an attack of dizziness induced by a hypertensive heart disease and not brought about by his work and fell down striking his head on an iron motor box attached to one of the machines with such force as to fracture his skull and rupture the blood vessels in his brain, resulting in fatal injuries, could be found to arise out of his employment. The Industrial Accident Board found that a fall upon the iron casing of the motor was a risk of employment; that the cause of the fall was the remote cause of his injury; that the fall itself upon the iron casing was the dominant and proximate cause of his death; and that the injury which resulted in his death arose out of his employment.

The contention of the insurer is that the cause of the fall was the direct and proximate cause of the death of the employee, and that, as this cause was a heart condition unconnected with employment, the injury resulting from the fall did not arise out of the employment. The death, it is urged, had nothing to do with the employment.

A workman is not entitled to an award under the workmen's compensation act by merely proving that he was injured while upon the employer's premises or while he was engaged in the course of his employment. *Hallett's Case,* 230 Mass. 326, 328. *Cinmino's Case,* 251 Mass. 158. *Babineau's Case,* 254 Mass. 214, 215. *Rozek's Case,* 294 Mass. 205. *Lander* v. *British United Shoe Machinery Co. Ltd.* 26 B. W. C. C. 411. *Hansen* v. *Turner Construction Co.* 224 N. Y. 331. The burden is on the claimant to prove that the injury arose out of the employment and this means that he must prove a causal connection between the employment and the injury. *Keaney's Case,* 232 Mass. 532. *Chisholm's Case,* 272 Mass. 259. *Dvlinsky's Case,* 307 Mass. 427.

Where, as here, the claim for compensation is based upon the ground that the injuries sustained by the employee were caused by the physical aspects or arrangement of the place where he was required to perform his services, the particular

physical set-up itself commonly constitutes a risk or hazard incident to the employment. In determining the existence of such a risk, regard must be had to the nature of the employment, the method by which the work is performed and the dangers attending its execution. Regard too must be had to the impetuosity and heedlessness of youthful employees, and to the disabilities and infirmities of aged employees. *Evans's Case*, 299 Mass. 435, 436. *West's Case*, 313 Mass. 146, 152.

The place of employment may be structurally sound and in good condition and yet constitute a source of danger to one hired to work there, and if the place may, in conjunction with the physical condition of the employee, be fairly said to be the efficient and operative cause of the injury, then the employee is entitled to compensation, even though some infirmity or disability not traceable to the employment may be remotely connected with the injury. We have here medical testimony that the cause of the death of the employee was the head injuries and not the heart disease, and the death certificate stated that the cause of death was "Fracture of skull due to striking his head against machine in mill, accidentally." The argument, however, is pressed that the cause of the fall is the cause of the injury. The insurer is right in contending that upon the evidence the cause of the fall was heart disease, but it does not follow that the disease was the cause of death where the evidence shows the employee was alive when he came in contact with the motor box and the autopsy revealed that he died from the injury and not of the disease. The motor box was attached to a machine which was located by the side of a passageway along which one performing the duties of a foreman would travel, and the location of the motor box could be found to be a special danger to one seized with a heart attack while passing along the passageway. The argument of the insurer overlooks the fact that the board found, as it properly could upon the evidence, that this special danger had intervened and was the direct and proximate cause of the injury while the cause of the fall was the remote cause. The case comes within the general principle that an em-

ployee who, while suffering from an illness not induced by his employment, is injured by falling into a machine, or by falling down stairs or against a partition, is entitled to compensation when it is found that the immediate and direct cause of the injury was coming into contact with such an object and that the contact was a risk or hazard incident to the employment. There was no error in awarding compensation. *Uzzio's Case*, 228 Mass. 331. *O'Brien's Case*, 228 Mass. 380. *Dow's Case*, 231 Mass. 348. *Hallett's Case*, 232 Mass. 49. *Sullivan's Case*, 241 Mass. 9. *Crown's Case*, 254 Mass. 496. *Cusick's Case*, 260 Mass. 421. *Holmes's Case*, 267 Mass. 307. *Belanger's Case*, 274 Mass. 371. *Wicks* v. *Dowell & Co. Ltd.* [1905] 2 K. B. 225. *Martin* v. *Finch*, 30 B. W. C. C. 99. *Colley* v. *Associated British Cinemas*, 31 B. W. C. C. 238. *New Amsterdam Casualty Co.* v. *Hoage*, 62 Fed. (2d) 468. *Savage* v. *St. Aeden's Church*, 122 Conn. 343. *Rockford Hotel Co.* v. *Industrial Commission*, 300 Ill. 87. *Baltimore Towage & Lighterage Co.* v. *Shenton*, 175 Md. 30. *Reynolds* v. *Passaic Valley Sewerage Commissioners*, 130 N. J. L. 437. *Mausert* v. *Albany Builders Supply Co.* 250 N. Y. 21. *Connelly* v. *Samaritan Hospital*, 259 N. Y. 137. *Turner* v. *New York*, 249 App. Div. (N. Y.) 790. *Industrial Commission of Ohio* v. *Nelson*, 127 Ohio St. 41. *Carroll* v. *What Cheer Stables Co.* 38 R. I. 421. *Cohen* v. *Cohen's Department Store, Inc.* 171 Va. 106.

*Decree affirmed.*