27 N.J. Super. 219 (1953)
98 A.2d 715
HAROLD HENDERSON, PETITIONER-APPELLEE,
v.
CELANESE CORPORATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided July 28, 1953.
*220 Messrs. Kapelsohn, Lerner, Leuchter & Reitman (Mr. Mortimer Wald, of counsel), attorneys for petitioner-appellee.
Messrs. Kalisch & Kalisch (Mr. Isidor Kalisch, of counsel), attorneys for respondent-appellant.
NAUGHRIGHT, J.C.C.
Petitioner Harold Henderson was awarded compensation by the Division of Workmen's Compensation, Department of Labor and Industry, for disability he incurred as a result of a head injury received on March 24, 1952 while in the employ of the respondent Celanese Corporation. From this award respondent appeals.
There is little dispute as to the facts. The petitioner testified that for the past 15 years, since he was six years old, he has suffered from epileptic seizures. When he was very young he would get the seizures as often as once or twice a week. As he became older this condition improved to the extent that he would only suffer from seizures about every other month.
On the day in question the petitioner was going about his customary duties in the respondent's factory when suddenly, without forewarning, he suffered a seizure while walking on the concrete floor. He fell to the floor and struck *221 his head thereon at the climax of the fall. There is no evidence that the seizure was even partially caused by the employment nor does the petitioner so contend.
This case squarely raises the question of whether an injury incurred as the result of an idiopathic fall onto a concrete floor is compensable.
To warrant a recovery it must appear that the accident (a) arose out of, and (b) in the course of employment. The pertinent part of our Workmen's Compensation Act was first construed in Bryant v. Fissell, 84 N.J.L. 72 (Sup. Ct. 1913), wherein the court said:
"Even if there be an accident which occurred `in the course of' the employment, if it did not arise `out of the employment,' there can be no recovery; * * *
"For an accident to arise out of and in the course of the employment, it must result from a risk reasonably incidental to the employment. As was said by Mr. Lord Justice Buckley in Fitzgerald v. Clarke & Son (1908), 2 K.B. 796. `The words "out of" point, I think, to the origin and cause of the accident; the words "in the course of" to the time, place and circumstances under which the accident takes place. * * *'"
In idiopathic fall cases the courts have little difficulty in finding that the accident arose in the course of the employment. Reynolds v. Passaic Valley Sewerage Commrs., 130 N.J.L. 437 (Sup. Ct. 1943), affirmed 131 N.J.L. 327 (E. & A. 1944). The problem is, did the accident arise out of the employment? It is well settled in this State that if the employment contributed to the idiopathic condition in causing the fall the accident is compensable. So, too, if the employment contributes to the effect of the fall there is compensation. Thus, where a workman suffered an idiopathic fall causing him to fall against a hot stove he was awarded compensation under the employment contribution theory. Reynolds v. Passaic Valley Sewerage Commission, supra.
When the fall has been onto a level floor the jurisdictions vary in their result. The subject has been treated extensively in 1 Larson, Workmen's Compensation Law (1952), section *222 12.14, and 5 Schneider, Workmen's Compensation Text (1946), section 1376.
Research of our own jurisdiction discloses no case exactly in point. However the language found in the recent decision of the Supreme Court of New Jersey in Spindler v. Universal Chain Corp., 11 N.J. 34 (1952), is dispositive of the matter. In that case, as in the instant case, the petitioner fell on a rough concrete floor. The cause of the fall, unlike the case sub judice, was unknown. The court in holding the accident compensable said as follows:
"Here the fall resulting in the injury is not disputed. The difference of opinion centers in the cause.
If it was occasioned by or was the result of a disease or physical seizure and was not contributed to by `what the workman had to do,' it is not compensable. On the other hand, if the fall `would not have occurred but for the services rendered' in the employment, it is covered by the statute."
As previously pointed out, the seizure or fall in the instant case was not contributed to by the employment. The accident did not arise out of the employment and is therefore not compensable.
The judgment of the Workmen's Compensation Division, Department of Labor and Industry is reversed and the claim petition hereby dismissed.