**Cecil R. STASEL, Appellant,**

v.

**AMERICAN RADIATOR & STANDARD SANITARY CORPORATION,**
Appellee.

Court of Appeals of Kentucky.

April 29, 1955.

George B. Ryan, Louisville, for appellant.

Thomas C. Carroll, S. L. Greenebaum, Greenebaum, Barnett & Carroll, Louisville, for appellee.

WADDILL, Commissioner.

The question presented on this appeal is whether an employee is entitled to benefits under our Workmen's Compensation Act, KRS 342.001 et seq., for injuries received in the course of his employment from a fall against a hot stove, or upon hot sand, during a fainting spell which was subsequently diagnosed as an epileptic seizure. The compensation board held the injury noncompensable, and the circuit court affirmed its finding.

The accident of which the appellant complains occurred on October 4, 1950, the first day of his second employment with the appellee. The appellant was given a physical examination by the company doctor at 9:00 a. m., and the accident occurred about 11:30 p. m., shortly after he had checked in for work. When the appellant reported to work he was taken to the brass department and was given a respirator which he put over his mouth to prevent the inhalation of dust. The foreman had gone to get a shovel for appellant to use in shoveling sand. While the appellant was waiting, one of the other employees was showing him how to operate the shaker machine. Suddenly, the appellant's eyes became glassy, and he fell; his arms and legs were shaking and froth appeared at his mouth. In falling, appellant either struck a hot stove or scraped his arms in

the hot sand, causing serious abrasions and burns on his arms and hands.

The lay evidence, and the medical evidence, was to the effect that he suffered an epileptic seizure. The appellant admitted that he had suffered one other attack of unconsciousness while he was in the Armed Forces. However, he maintains that he was not advised, nor did he know that he was afflicted with epilepsy. An electro-encephalograph was made of appellant, and it was found that he has epilepsy of the grand mal type. The medical evidence indicates that his epileptoid condition is congenital.

■ A workman is not entitled to an award under our Workmen's Compensation Act by merely proving that he was injured while in the course of his employment. He also has the burden of proving that the injury arose out of the employment, and this means that he must prove a causal connection between the employment and the injury. KRS 342.005(1). Draper v. Railway Accessories Co., 300 Ky. 597, 189 S.W.2d 934; Standard Oil Co. v. Witt, 283 Ky. 327, 141 S.W.2d 271; Billiter, Miller & McClure v. Hickman, 247 Ky. 211, 56 S.W. 2d 1003. Since it was clearly established that appellant was injured in the course of his employment we will not discuss that phase of the case.

■ Accidents arising out of the employment are those in which it is possible to trace the injury to the nature of the employee's work or to the risks to which the employer's business exposes the employee. Harlan-Wallins Coal Corp. v. Foster, Ky., 277 S.W.2d 14. The accident must be one resulting from a risk reasonably incident to the employment. Harlan-Wallins Coal Corp. v. Stewart, Ky., 275 S.W.2d 912. It arises out of the occupation when there is a causal connection between the conditions under which the servant works and the resulting injury. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a

rational consequence. Great Atlantic & Pacific Tea Co. v. Sexton, 242 Ky. 266, 46 S.W.2d 87; Coronado Beach Co. v. Pillsbury, 172 Cal. 682, 158 P. 212, L.R.A. 1916F, 1164.

■ Where, as here, the claim for compensation is based upon the ground that the injuries sustained were caused by the physical aspects and hazards of the place where the workman was required to perform his services, the particular physical conditions may constitute a risk incident to the employment. In determining whether the risk exists, consideration must be given to the nature of the employment, the method by which the work is performed and the dangers attending its execution. Varao's Case, 316 Mass. 363, 55 N.E.2d 451; General Ins. Corp. v. Wickersham, Tex.Civ. App., 235 S.W.2d 215. Regard must also be had to the impetuosity and heedlessness of youthful employees, and to the disabilities and infirmities of aged employees, because the compensation act covers both classes of employees, and is not limited to employees who are in good health. Hendricks v. Kentucky & Virginia Leaf Tobacco Co., 312 Ky. 849, 229 S.W.2d 953; Cusick's Case, 260 Mass. 421, 157 N.E. 596.

■ The place of employment may be structurally sound and in good condition and yet constitute a source of danger to one hired to work there and if the place may be fairly said to be the efficient and operative cause of the injury, then the employee is entitled to compensation, even though some infirmity or disability not traceable to the employment may be remotely connected with the injury. As is said in National Automobile & Casualty Ins. Co., v. Industrial Accident Commission, 75 Cal.App.2d 677, 171 P.2d 594, 595, "the authorities are overwhelming that where the injury is contributed to by some factor peculiar to the employment it arises out of the employment even though the fall has its origin solely in some idiopathy of the employee."

In United States Casualty Co. v. Richardson, 75 Ga.App. 496, 43 S.E.2d 793, where an employee was afflicted with an epileptoid

condition and was seized with an epileptic attack while in the course of his employment which caused him to fall against a sharp edge of a table, producing an injury when striking the table, the court held that it was a compensable accident arising out of and in the course of the employment within the meaning of the Workmen's Compensation Act.

In Rockford Hotel Company v. Industrial Commission, 300 Ill. 87, 132 N.E. 759, 760, 19 A.L.R. 80, the court said:

"* * * Some cases hold that, where an employee is seized with a fit and falls to his death, the employer is not liable, because the injury did not arise out of the employment (Van Gorder v. Packard Motor Car Co., 195 Mich. 588, 162 N.W. 107, L.R.A. 1917E., 522; Brooker v. Industrial Accident Comm., 176 Cal. 275, 168 P. 126, L.R.A.1918F., 878); but a majority of the courts, American and English, hold that, if the injury was due to the fall, the employer is liable, even though the fall was caused by a pre-existing idiopathic condition. * * *"

Also, see, Larson's Workmen's Compensation Law, Vol. 1, Sec. 740, p. 50, and Sec. 12.11, pp. 158–160, where the author considers "mixed risks" and the "increased danger rule applied to idiopathic falls."

The conflicting views in cases where the employee is injured by falling on the floor or ground, as distinguished from falling from ladders, or into holes, or against objects other than the floor or ground, are exemplified by the majority and dissenting opinions in Andrews v. L. & S. Amusement Corporation, 253 N.Y. 97, 170 N.E. 506, where compensation was denied, and in Savage v. St. Aeden's Church, 122 Conn. 343, 189 A. 599, where compensation was awarded.

It is necessary, in order to decide the instant case, to choose between the two conflicting lines of authority. While we do not undertake to say here whether or not

a recovery should be allowed in every case in which an employee, due to illness or for some other similar reason, suffers injuries in a fall, we do think that the evidence is sufficient in the present case to support an award of compensation. The appellant does not claim compensation for injuries caused by his idiopathic condition, but seeks compensation for severe burns he received from falling into the hot stove, or the hot sand. McCarthy v. General Electric Co., 293 Pa. 448, 143 A. 116, 60 A.L.R. 1288. The fall was brought about by either a personal cause, or an employment cause, or a combination of both. The law does not weigh the relative importance of the two causes, nor look for primary and secondary causes, it merely inquires whether the employment was a contributing factor. See, Larson's Compensation Law, Vol. 1, Sec. 7.40, p. 50.

The appellant was hired to work in appellee's plant after passing a pre-employment physical examination; he was required to wear a special face mask to protect his respiratory system; there were unusual hazards and risks in the physical conditions of his place of work; and he became unconscious while performing his duties and fell into a hot stove or hot sand and suffered severe burns. Therefore, under these facts the only fair and reasonable finding that could be made was that the peculiar hazards of his employment were a contributing factor to his accident and injury. We think there affirmatively appears a clear causal connection between the conditions under which the appellant was working and the occurrence of the injury. By approving compensation, this opinion is in accord with the modern trend toward liberality in favor of the workman.

The judgment is reversed, with directions to remand the case to the compensation board for an award not inconsistent with this opinion.

SIMS and MONTGOMERY, JJ., dissent.

SIMS, Judge (dissenting).

To my mind the majority opinion is unsound and the question is of sufficient importance to justify a dissenting opinion.

The sole question involved is whether or not appellant's injuries resulted from an accident which arose out of or was connected with his employment. The majority correctly say that for an injury to arise out of the employment there must be a causal connection between the injury and the employment. This is but another way of saying the injury must have been connected with the employment and have flowed from that source and not have been independent thereof. This is a correct statement of the law.

Here, appellant's unfortunate epileptoid condition was not brought on by his employment and had no causal connection therewith. Had it been brought on by any condition connected with his employment, I would say the injury received from the fall induced by his epileptoid condition was compensable. His case is not like that of a workman with a weak heart who falls and injures himself on account of a heart attack brought on by over exertion, excessive heat, lack of air, undue excitement or any other condition which might cause him to collapse and injure himself in a fall. In such a case the workman would be entitled to compensation as his injury would have a causal connection with his work or employment. Appellant's case is more like that of a man with a known bad heart who when he reports for work, and before hitting a lick, falls from a heart attack and injures himself by striking his head against a concrete floor. Such injury is not "work-connected" nor can it fairly be traced to his work as a contributing proximate cause coming from a hazard to which his employment exposed him. Therefore the injury is not compensable.

In our recent case of Salmon v. Armco Steel Corp., Ky., 275 S.W.2d 590, a workman had a heart attack while climbing a pole and we held his death did not arise out of his employment and was not compensable. But if I understand the majority opinion in the instant case, had Salmon not died from his heart condition and his heart attack had caused him to fall from the pole and be killed by striking the ground, it would have been compensable. My mind fails to grasp this thin-spun distinction, since in either case the heart condition independent of all other conditions caused the injury or the death.

I find a clear and succinct statement of my view expressed in Henderson v. Celanese Corp. 27 N.J.Super. 219, 98 A.2d 715, 716:

"'Here the fall resulting in the injury is not disputed. The difference of opinion centers in the cause.

"'If it was occasioned by or was the result of a disease or physical seizure and was not contributed to by "what the workman had to do," it is not compensable. On the other hand, if the fall "would not have occurred but for the services rendered" in the employment, it is covered by the statute.'"

As Stasel's seizure and fall had no connection with his employment, the accident did not arise out of his employment and is not compensable. I agree with what was written in Andrews v. L. & S. Amusement Corp., 253 N.Y. 97, 170 N.E. 506, his fall was caused by his seizure and the injury resulted from no added risk because of his employment.

I realize the majority opinion is supported by the authorities cited therein, but in my judgment these authorities are unsound and the view expressed in the Henderson and Andrews cases is more logical.

For the reasons given I most respectfully dissent and am authorized to say that Judge MONTGOMERY joins with me.