RENDERED: JUNE 25, 2009
TO BE PUBLISHED

# Supreme Court of Kentucky

2008-SC-000853-WC



FINAL

DATE 7|16|09 _Kelly Klabr_ D.C.

VACUUM DEPOSITING, INC.                                      APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                       CASE NO. 2008-CA-000797-WC
WORKERS' COMPENSATION BOARD NO. 07-96080


TAMATHA DEVER; HONORABLE A. THOMAS
DAVIS, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD                              APPELLEES


## OPINION OF THE COURT

## AFFIRMING

An Administrative Law Judge (ALJ) dismissed the claimant's application for benefits, having found that evidence she was "clumsy" and wearing high heels at the time of a workplace fall rebutted the presumption it was work-related and that the weight of reliable evidence showed it did not arise from her employment. The Workers' Compensation Board (Board) reversed and remanded on the ground that the ALJ misapplied the law. The Court of Appeals affirmed.

Appealing, the employer argues that substantial evidence of a non-work-related cause for the fall reduced the rebuttable presumption of causation to a permissible inference and that the Board erred by substituting its judgment for

the ALJ's regarding the weight and credibility of evidence. We affirm because the ALJ misapplied the law. The employer failed to meet its burden to rebut the Workman presumption[1] because the claimant's testimony that she considered herself to be clumsy and that she was wearing shoes with two-inch heels was not substantial evidence to prove a non-work-related cause.

The claimant was born in 1968 and is a college graduate and licensed real estate appraiser. She worked for the defendant-employer as an account manager. Her application for benefits alleged that she fractured her right wrist and injured her right hip and low back in a workplace fall that occurred on January 3, 2007.

The claimant testified that she slipped while walking towards a vending machine in the break room and fell in a seated position with both arms behind her, palms down. No one else was in the break room at the time and she did not recall if anything was on the floor at the time. She stated, however, that there was always paper on the floor and that the garbage cans were always overflowing. She did not know why she fell.

The claimant testified that she experienced pain and swelling in her wrist immediately after the fall. She reported the injury to Myra Dempsey and went to BaptistWorx where she was referred to a hand surgeon for treatment of a fractured wrist. She began to experience hip and back pain about a week later. Although she stated that she had experienced back pain previously, she did

---

[1] See Workman v. Wesley Manor Methodist Home, 462 S.W.2d 898, 900 (Ky. 1971).

not remember when she was last treated for the condition. Nor did she recall having a CT scan in 2004.

Myra Dempsey, company controller, testified that the claimant was wearing high heels when she fell. Dempsey stated that, when reporting the fall, the claimant explained that she was clumsy; that she "just turned around and fell and had no idea how;" and that she was "the only person she knew that could fall while standing still." Dempsey stated that it was neither unusual nor inappropriate for female employees to wear high heels to work.

Michael Krafka, first shift supervisor, testified that he inspected the break room after the fall. He reported that he found "no liquid or debris around the area where the fall occurred that could have contributed to the accident." He noted that the claimant concurred by stating, "I just turned around and fell and have no idea how it happened."

The claimant testified at the hearing that all of the women in the company's offices wore high heels at times and that she was wearing boots with about two inch heels when she fell. She denied being dizzy or feeling any pain at the time. Describing the fall, she stated that she walked towards the vending machine, stood there, and turned around and slipped and fell. She testified that there was some trash by the machine and that there was "always stuff on the floor in the break room." She denied telling Dempsey that she could fall while standing still and denied speaking with Krafka about the fall.

3

The employer asserted that the fall was idiopathic. It maintained that evidence the claimant was clumsy and wearing shoes with high heels rebutted the Workman presumption. It also maintained that her hearing testimony regarding trash on the floor of the break room was not credible.

The ALJ found the claimant not to be credible and questioned the veracity of her testimony about the fall, noting her inability to remember the CT scan and treatment for back pain; her changing testimony about whether there was debris on the floor when she fell; her previous lawsuit for a slip and fall accident; and the fact that she took cell phone photographs two days after the fall presently at issue. The ALJ viewed the claim as being "a classic . . . idiopathic fall case," and found the positional risk doctrine to be inapplicable because the claimant struck nothing as she fell. The ALJ found that the claimant admitted she had no idea how she fell, was clumsy, and was wearing high heels at the time of the accident. Analyzing the evidence to rebut the presumption of work-relatedness, the ALJ stated:

> The best interpretation is that she merely turned around and fell down, and her work, in no way, contributed to the cause of her fall. The Plaintiff told Ms. Dempsey that she is "clumsy," and the additional evidence that Ms. Dever was wearing high heels at the time, constitutes sufficient evidence for the ALJ to reduce the rebuttable presumption of the fall arising out of the work situation to simply a permissible inference. . . . [T]here is nothing about the circumstances of the Plaintiff's fall that suggests her work contributed to the cause of the fall. The fall could just have as easily occurred when the claimant was on any other level surface anywhere. It is the

4

ALJ's perception that it is very likely that an element of clumsiness and instability of high heels is involved.

The ALJ concluded that the evidence rebutted the Workman presumption, reducing it to a permissible inference, and that the weight of reliable evidence showed the fall did not arise from the claimant's employment.

KRS 342.0011(1) required the claimant to prove that her injury arose both out of and in the course of her employment. In common parlance, the term "idiopathic" means "arising spontaneously or from an obscure or unknown cause."[2] The term is used differently in the workers' compensation arena. Professor Larson explains that an analysis of whether a workplace injury arises out of the employment begins by considering the three categories of risk: 1.) risks distinctly associated with employment; 2.) risks that are idiopathic or personal to the worker; and 3.) risks that are neutral.[3] Larson notes that "unexplained fall cases begin with a completely neutral origin of the mishap, while idiopathic fall cases begin with an origin which is admittedly personal."[4] The latter group involves an idiopathic or personal factor that would have resulted in harm regardless of the employment, such as a pre-existing disease or physical weakness, personal behavior, or a personal mortal enemy.[5] Larson notes also that unsuitable clothing may be considered to be an

---

[2] http://www.merriam-webster.com/dictionary/idiopathic.

[3] Arthur Larson and Lex K. Larson, Larson's Workers' Compensation Law, § 4 (2006).

[4] Larson's, § 9.01[1].

[5] Larson's, supra, at §§ 7.04[1][b] and 9.01-.02.

imported or personal risk.[6] Kentucky cases addressing unexplained and idiopathic falls involve a back condition,[7] heart attack,[8] an epileptic seizure,[9] and an allegation of syncope.[10]

Kentucky has adopted a presumption that an unexplained workplace fall arises out of the employment unless the employer presents substantial evidence to show otherwise.[11] The employer cannot prevail in such a case unless it shows affirmatively that the fall was not work-related. The employer in Workman did so by showing that Ms. Workman's testimony in the workers' compensation claim conflicted with her testimony in an unrelated civil suit that her back had been symptomatic and caused her to fall before the incident at work. The court determined that the employer offered sufficient evidence that the fall was idiopathic to negate the presumption that it was not.

The court explained subsequently in Turbyfill that an idiopathic fall may be compensable if work places the injured worker in a position that increases its dangerous effects.[12] Turbyfill's employer negated the Workman presumption by showing that his fall resulted from a non-work-related heart

_____

[6] Larson's, supra, at § 9.03[5].

[7] Workman, supra.

[8] Indian Leasing Company v. Turbyfill, 577 S.W.2d 24 (Ky. App. 1978).

[9] Stasel v. American Radiator & Standard Sanitary Corporation, 278 S.W.2d 721 (Ky. 1955).

[10] Jefferson County Public Schools/Jefferson County Board of Education v. Stephens, 208 S.W.3d 862 (Ky. 2006).

[11] Workman, 462 S.W.2d at 900-02.

[12] 577 S.W.2d 24.

6

attack. The court found the fall to be compensable, however, because the fact that he was working 12 feet off the ground increased the fall's effects.

To summarize, a work-related fall occurs if the worker slips, trips, or falls due to causes such as a substance or obstacle on the floor of the workplace or an irregularity in the floor. When the cause of a workplace fall is unexplained, the fall is presumed to be work-related under Workman. Unexplained falls divide ultimately into two categories: 1.) those the employer has shown to result from a personal or idiopathic cause but which may be compensable under the positional risk doctrine; and 2.) those that remain unexplained and entitled to a presumption of work-relatedness.

The claimant alleged an unexplained fall but, as in Workman, the ALJ found that the employer rebutted the presumption of work-relatedness and showed the fall to be personal or idiopathic. The employer asserts that the Board erred by substituting its judgment for the ALJ's and, thus, that the Court of Appeals erred by affirming the Board. We disagree.

The ALJ characterized the claimant as "not an entirely credible witness" but determined that a workplace fall occurred although its cause was idiopathic. The fact that the claimant's work did nothing to cause her fall was immaterial under Workman. The record contained no evidence that she suffered from a pre-existing disease or physical weakness that caused her to fall and no evidence that she was engaged in conduct when she fell that would take the injury outside Chapter 342. Nor did the record contain evidence that

her footwear was inherently dangerous and inappropriate for work in the employer's offices. Like the Board and the Court of Appeals, we are convinced that evidence the claimant was clumsy and wearing high heels was not sufficient to prove that the cause of her fall was idiopathic. The evidence did not overcome the presumption that the fall was unexplained and, thus, that it was work-related.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT,
VACUUM DEPOSITING, INC.:

Brian T. Gannon
Fulton & Devlin
2000 Warrington Way
Suite 165
Louisville, KY 40202

COUNSEL FOR APPELLEE,
TAMATHA DEVER:

Dana Taylor Skaggs
One Riverfront Plaza
401 West Main Street
Suite 1706
Louisville, KY 40202