# Supreme Court of Kentucky

2021-SC-0271-WC

COMMONWEALTH OF KENTUCKY,                   APPELLANT
PERSONNEL CABINET

                      ON REVIEW FROM COURT OF APPEALS
V.                            NO. 2019-CA-1844
                WORKERS' COMPENSATION BOARD NO. WC-17-01484

AIMEE TIMMONS;                           APPELLEES
HONORABLE JEFFERSON V. LAYSON, III,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

## ORDER DENYING PETITION FOR REHEARING
## AND MODIFYING OPINION

The vote of the six members of this Court participating in the determination of this matter being equally divided, the Petition for Rehearing filed by the Appellee of the Opinion of the Court rendered December 15, 2022, is DENIED. By majority vote, the Opinion of the Court is modified to reflect that it is not to be published.

VanMeter, C.J., and Bisig and Conley, JJ., would deny the petition for rehearing. Keller, Lambert, and Nickell, JJ., would grant the petition for rehearing. Thompson, J., not sitting.

ENTERED: March 23, 2023.

_____
CHIEF JUSTICE

# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

# Supreme Court of Kentucky

2021-SC-0271-WC

COMMONWEALTH OF KENTUCKY,                          APPELLANT
PERSONNEL CABINET


                    ON APPEAL FROM COURT OF APPEALS
V.                          NO. 19-CA-1844
            WORKERS' COMPENSATION BOARD NO. WC-17-01484


AIMEE TIMMONS;                                      APPELLEES
HONORABLE JEFFERSON V. LAYSON, III,
ALJ; AND WORKERS' COMPENSATION
BOARD


**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**<u>REVERSING</u>**

The Commonwealth appeals from a decision of the Court of Appeals, which affirmed a decision of the Worker's Compensation Board ("the Board"). The Board overturned the Administrative Law Judge's (ALJ) ruling that Aimee Timmons's injury was not work-related for the purpose of workers' compensation. Finding that Timmons's injury occurred before her work-related travel began, we reverse the decision of the Court of Appeals and affirm the opinion and order of the ALJ, although on different grounds.

## I.    FACTUAL AND PROCEDURAL HISTORY

At all times relevant to this case, Aimee Timmons was employed by the Commonwealth of Kentucky as a social-services clinician. Timmons worked in

an office daily, but her position also required her to conduct occasional home visits and conduct off-site trainings for potential foster parents. On the date of injury in this case, Timmons planned to conduct a training session at a church located a short drive from her home. While leaving her home through the front door, Timmons fell on the front steps of her house. She was transported by ambulance to the hospital where she underwent surgery. She did not return to work that day, nor was she paid for any work performed that day.

Timmons filed a claim for worker's compensation benefits. The Commonwealth contested the work-relatedness of Timmons's injury, arguing that Timmons's injury was governed by the "coming-and-going" rule, which provides that injuries sustained while an employee is coming or going from his or her place of employment do not "arise out of" or "in the course of" employment and, as such, are not covered by workers' compensation. Timmons argued that the "traveling-employee" exception to the coming-and-going rule applied. The traveling-employee exception provides that when an employee's job requires travel away from the employer's premises, such travel is performed for the benefit of the employer and is thus considered to be within the course and scope of employment and is covered under workers' compensation.

After a hearing, the ALJ denied Timmons's claim, concluding that because walking from her front porch to her car is something that Timmons would have done regardless of where she was going to work that day—whether at her office or an off-site location—her emerging from her house to walk from

her house to her car "cannot be considered something unique that was [done] for the benefit of the employer." So the ALJ ruled that Timmons's injuries did not arise in the course and scope of her employment and were, therefore, not covered under workers' compensation.

Timmons appealed the ALJ's Opinion and Order to the Workers' Compensation Board ("the Board"). The Board reversed the ALJ's decision, reasoning that Timmons was acting in service to her employer by leaving her home to travel to the off-site training event and her case fell squarely within the traveling-employee exception to the coming-and-going rule.

When the Commonwealth appealed the Board's decision, the Court of Appeals affirmed the Board, agreeing that the ALJ erroneously concluded that Timmons's claim did not fit within the traveling-employee exception to the coming-and-going rule. The Court of Appeals also found that the ALJ erred in its determination that Timmons's injury did not fit within the service-to-the-employer exception to the coming-and-going rule. So the Court of Appeals affirmed the Board's decision to reverse the ALJ's decision. This appeal followed.

## II.    STANDARD OF REVIEW

If the ALJ finds against the party who bears the burden of proof—in this case, Timmons—on appeal the appellant must "show that the ALJ misapplied the law or that the evidence in her favor was so overwhelming that it compelled

3

a favorable finding."[1]  An ALJ has the sole authority to judge the weight and credibility of evidence in a workers' compensation proceeding.[2]  So we will not disturb the ALJ's findings of fact unless they are clearly erroneous.[3]  But this Court is bound by neither the ALJ's decisions on questions of law nor the ALJ's interpretation and application of the law to the facts.[4]  On such matters, our standard of review is de novo.[5]

The threshold question in determining the applicability of workers' compensation to a claim is whether the injury at issue was work related.[6] Historically, this Court has treated the determination of the work relatedness of an injury as "a question of fact which is the sole province of the Administrative Law Judge in the workers' compensation system."[7]  Additionally, the question of "whether an employee is performing a service to the employer is a question of fact for the ALJ."[8]  But the interpretation and scope of any exceptions to the coming-and-going rule are questions of law this Court reviews de novo.[9]

---

[1] *Gray v. Trimmaster*, 173 S.W.3d 236, 241 (Ky. 2005).

[2] KRS 342.285(2); *Ford Motor Co. v. Jobe*, 544 S.W.3d 628, 631 (Ky. 2018).

[3] *Abel Verdon Const. v. Rivera*, 348 S.W.3d 749, 753–54 (Ky. 2011).

[4] *Ford Motor Co.*, 544 S.W.3d at 631 (quoting *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009)).

[5] *Id.*

[6] *Milby v. Wright*, 952 S.W.2d 202, 205 (Ky. 1997).

[7] *Id.*

[8] *Howard D. Sturgill & Sons v. Fairchild*, 647 S.W.2d 796, 798 (Ky. 1983).

[9] *Ford Motor Co.*, 544 S.W.3d at 631 (citing *Bowerman*, 297 S.W.3d at 866).

Here, the ALJ's determination that Timmons's injury was not covered under workers' compensation is a mixed question of law and fact. The ALJ's findings regarding the circumstances of Timmons's injury were based on undisputed testimony and are not challenged by the parties. The ALJ's determination that Timmons's movement from her home to her vehicle was outside the course and scope of her employment is a legal conclusion. As such, we review this application of the law de novo, granting no deference to the ALJ's findings.

### III.   ANALYSIS

KRS 342.0011(1) defines a compensable "injury" as one "arising out of and in the course of employment[.]" The central issue before us is whether Timmons's injury arose out of and in the course of her employment with the Commonwealth. An injury "arises out of" employment if the employment causes the injury or subjects the employee to an increased risk of injury.[10] An injury occurs "in the course of" employment if it takes place during employment while the employee is working or serving the employer's interests.[11] Both of these elements must be fulfilled for an injury to qualify as "work-related" for purposes of workers' compensation.[12]

---

[10] *Clark Cnty. Bd. of Educ. v. Jacobs*, 278 S.W.3d 140, 143 (Ky. 2009) (citing ARTHUR LARSON AND LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW (2008)).

[11] *Id.*

[12] *Lexington Ry. Sys. v. True*, 124 S.W.2d 467, 468 (Ky. 1939), *overruled on other grounds by Corken v. Corken Steel Prods., Inc.*, 385 S.W.2d 949 (Ky. 1964).

The "coming-and-going rule" creates an exclusion from workers' compensation coverage for an employee's travels to and from work, despite an assumption that those travels arise out of and in the course of employment. The rule is meant to relieve the employer of liability for those "common risks of the street"[13] over which the employer has no control.[14]

Since the inception of the coming-and-going rule, this Court has recognized several doctrines governing the rule's application. Most broadly, this Court has analyzed employer liability, and thus workers' compensation applicability, under the positional-risk doctrine. This doctrine provides that if a person's employment is "the reason for his or her presence at what turned out to be a place of danger," and if, except for the employee's presence at that place, the employee would not have been injured, the employer may be liable for the employee's injuries.[15]

The traveling-employee exception to the coming-and-going rule is an application of the positional-risk doctrine.[16] This exception applies in cases where a worker's employment requires travel, and it "considers an injury that occurs while the employee is in travel status to be work-related unless the worker was engaged in a significant departure from the purpose of the trip."[17]

---

[13] *Hayes v. Gibson Hart Co.*, 789 S.W.2d 775, 776 (Ky. 1990).

[14] *Pierson v. Lexington Pub. Libr.*, 987 S.W.2d 316, 317–18 (Ky. 1999).

[15] *Kaycee Coal Co. v. Short*, 450 S.W.2d 262, 264 (Ky. 1970); *Spurgeon v. Blue Diamond Coal Co.*, 469 S.W.2d 550, 553 (Ky. 1971).

[16] *Gaines Gentry Thoroughbreds/Fayette Farms v. Mandujano*, 366 S.W.3d 456, 462 (Ky. 2012).

[17] *Id.*

In other words, when an employee's travel is for the service or benefit of the employer, injuries arising during that travel can be considered to be work-related.[18]

Timmons argues that were it not for her work duties that day she would not have sustained an injury on the front steps of her home. But this reasoning conflates the positional-risk doctrine with pure "but-for" causation. Admittedly, but for Timmons's leaving the house for work, she would not have sustained an injury. But in terms of the positional-risk doctrine, Timmons's employment with the Commonwealth was not the reason for her presence at what turned out to be a place of danger—her front steps. Rather, Timmons's personal choices about where to reside provided the reason for her presence at her home on the date of her injury. Timmons had sole control over the conditions present at her home, and her employer had neither the right nor the obligation to ameliorate potentially dangerous conditions there.

The coming-and-going rule limits an employer's liability for the "common risks of the street" that an employee encounters on his or her way to work. As an exception to the coming-and-going rule, the traveling-employee doctrine deems an injury sustained during an employee's travel to be work related if the travel was being performed for the benefit of the employer. But because the coming-and-going rule focuses on the common risks of the street, the traveling-employee doctrine's exception to that rule is similarly limited to those injuries

---

[18] *Lexington Ry. Sys.*, 124 S.W.2d at 468.

sustained by a traveling employee *as a result of exposure to the common risks of the street.* And this demarcation of the beginning of travel is not novel under this Court's precedent. In several cases, this Court has recognized and applied the traveling-employee exception to the coming-and-going rule in cases where an employee sustained injuries in an automobile accident.[19] This case merely provides this Court with the first opportunity to clarify when an employee's travel begins, considering the historical origin of the coming-and-going rule.

In Timmons's case, the only service to her employer that she alleges she was providing at the time of her injury was her travel to the on-site training. And such travel certainly confers a benefit to her employer. But we find as a matter of law that such travel does not begin until an employee leaves her property and exposes herself to the common risks of the public street. So although Timmons was injured while descending the front steps of her home, her travel had not yet begun for the purposes of the traveling-employee doctrine because she had not yet become exposed to the common risks of the street.

This Court can envision rare circumstances in which an injury may occur at an employee's residence but still be within the employer's control. In such cases, fact finders should recognize that the further an employer's control extends, the further its liability extends as well.

---

[19] *See Dee Whitaker Concrete v. Ellison*, 641 S.W.3d 142 (Ky. 2022); *Gaines Gentry Thoroughbreds*, 366 S.W.3d 456; *Olsten-Kimberly Quality Care v. Parr*, 965 S.W.2d 155 (Ky. 1998).

Additionally, our decision today is limited to workers' compensation claims in which the coming-and-going rule and its exceptions are invoked. Our decision today does not impact an ALJ's analysis regarding injuries sustained by an employee while working from home because such injury is not sustained during allegedly work-related travel. In such circumstances, the ALJ should assess the work-relatedness of the employee's injury based on whether such injury arose out of and in the course of employment.[20]

The ALJ concluded that Timmons's injury did not fall under the traveling-employee doctrine because, regardless of whether she was going to work at her office or at an off-site training event, movement from her home to her car was required. The ALJ reasoned that because, at the time of her injury, Timmons had not deviated from the normal routine she would perform before going to her office, she was not acting for the benefit of her employer at the time of her injury, and thus her injuries were not compensable.

Although we agree with the ALJ's conclusion that Timmons's injuries are not compensable under workers' compensation, we find the ALJ's reasoning erroneous. Timmons's injuries are not compensable under workers' compensation because her work-related travel had not yet begun at the time of her injury. Her deviation, or lack thereof, from her normal routine is immaterial to our analysis. As such, we affirm the ALJ, even though we do so on different legal grounds.

---

[20] *See Clark Cnty. Bd. of Educ.*, 278 S.W.3d at 143.

# IV. CONCLUSION

Because Timmons had not begun her work-related travel at the time of her injury, the ALJ properly denied her claim for workers' compensation benefits. Thus, we reverse the decisions of the Board and the Court of Appeals and affirm the ALJ's Opinion and Order on alternative grounds.

All sitting. Conley, Hughes, and VanMeter, JJ., concur. Nickel, J., dissents by separate opinion in which Keller and Lambert, JJ., join.

NICKELL, J., DISSENTING: I respectfully dissent. The majority's well-written opinion succinctly and effectively describes the traveling-employee exception to the going-and-coming rule, a derivation of the positional risk doctrine, akin to the service to employer exception. However, I am convinced the majority's focus on the degree of control exercised by an employer over the location of an employee's injurious travel is misplaced relative to determining compensable work-related travel. Moreover, Timmons's "personal choices about where to reside" and her "sole control over the conditions present at her home" are irrelevant to the question of whether she had initiated travel to an off-site training for the work-related purpose of benefitting her employer.

The legal issue presented in this appeal pertains to when work-related travel begins relative to invoking the traveling-employer exception to the going-and-coming doctrine to allow compensation; and, more particularly, whether the act of walking down one's front steps enroute to off-site employment duties creates a benefit for the employer sufficient to trigger the traveling-employee exception. Review of relevant statutes and caselaw convinces me such work-

10

related travel begins at the very instant an employee abandons personal interests, activities, and routines to initiate travel necessary to accomplish off-site employment duties and assignments imposed by an employer to achieve its business interests, regardless of where or when such travel begins.

A proverb ascribed to the Chinese philosopher Lao Tzu informs "[t]he journey of a thousand miles begins with one step." In similar fashion, work-related travel sufficient to invoke the traveling-employee exception should logically be recognized upon the very first step an employee takes toward effectuating an employer's off-site mission, wherever and however the first step of that journey is taken. A purpose-driven, interest-achieving standard would seem equally applicable for determining compensability of other work-related activities—separate from travel—which are increasingly being performed by employees within their personal homes or upon their personal property away from the employer's business premises. Such a standard for determining whether travel to off-site work activities satisfies the traveling-employer exception would also seem to better resonate with the legislative purpose of the workers' compensation statutes, regardless of the mode or manner of such travel and regardless of any common risks confronted while traversing public or private highways, driveways, pathways, hallways, or stairways.

In reversing the Board and Court of Appeals, however, the majority holds Timmons's injuries are non-compensable under the traveling-employee exception to the going-and-coming rule because "her work-related travel had not yet begun at the time of her injury." The basis of this holding is the

11

majority's finding "as a matter of law that such work-related travel" conferring a benefit upon an employer "does not begin until an employee leaves her property and exposes herself to the common risks of the public street." Thus, the majority concludes Timmons's work-related "travel had not yet begun for the purposes of the traveling-employee doctrine because she had not yet become exposed to the common risks of the street."

Even so, the majority anticipates "rare circumstances"—and by implication potential exceptions—"in which an injury may occur at an employee's residence but still be within the employer's control." Under the majority's approach, the degree of employer control, if any, over the cause of an injury arising upon an employee's personal dwelling and property is the determinative factor establishing employer liability.

For this reason, the majority affirmed the ALJ's determination of non-compensability but rejected the ALJ's analysis, which—rather than focusing on employer control over the location of injury—focused instead on whether Timmons's "walking from her front porch to her car" at the time of her fall was a sufficient deviation from her normal course of travel offering "something unique that was done for the benefit of the employer." However, even had the ALJ's analytical approach been accepted, deviation from an employee's routine course of travel would more accurately be determined by the ultimate intended destination rather than from any particular demarcation along the route.

In my view, interpretation and application of the traveling-employee exception should closely mirror statutory language adopted by our General

12

Assembly to communicate its legislative intent relative to compensability of work-related injuries—wherever and under whatever circumstances they may arise. KRS 342.0011(1) clearly establishes a compensable "injury" as one "arising out of and in the course of employment[.]" The phrase "arising out of" employment relates "to the cause or source of the accident" while the phrase "in the course of employment" refers to the time, place, and circumstances of the accident. *Masonic Widows and Orphans Home v. Lewis*, 330 S.W.2d 103, 104 (Ky. 1959). Injuries "arising out of" employment are traceable "to the nature of the employee's work or to the risks to which the employer's business exposes the employee." *Stasel v. American Radiator & Standard Sanitary Corp.*, 278 S.W.2d 721, 723 (Ky. 1955) (citation omitted).

Regarding this matter, the majority cites two cases. First, in *Lexington Ry. Sys.*, 124 S.W.2d 467, a streetcar motorman was struck and killed by a stray bullet fired by a boy who had found a rifle and was wandering about shooting at various objects. There, the Court held a risk must be general, incidental, and peculiar to the employment to arise "out of employment," and because "it cannot be said that the risk attending the firing of a rifle by a boy is one peculiar to the street" the Court determined the motorman's death was non-compensable. Second, in *Clark Cnty. Bd. of Educ.*, 278 S.W.3d 140, a teacher sustained a shoulder injury when she slipped and fell on a bleacher while chaperoning a group of high school students at an off-site Beta Club state convention. A unanimous Court held the injury compensable because substantial evidence indicated the employer had brought the employee's off-site

13

activity within her scope of employment. Particularly, the school board had encouraged the teacher's performance of the injurious activity and viewed the activity as advancing the school system's educational mission, while the school principal had approved formation of the Beta Club and its trip to the off-site state convention. The Court held the teacher's injury had occurred "in the course of" employment because it took place during the performance of the employment activity, at a place the employee was reasonably expected to be, and while her work activity was serving the employer's interests.

From these cited cases, I would draw two conclusions. First, whether an injury arises from a motor vehicle accident occurring on a street, highway, or thoroughfare or a slip and fall occurring on a bleacher, hallway, pathway, sidewalk, or stairwell, injuries arising from such activities should be deemed compensable so long as the causative risks are common, general, incidental, and peculiar to the activities carried out upon such premises—whether the location be public or private and whether the purpose be for travel or otherwise. And second, Timmons's injury should be held compensable because slip and fall injuries are common to her mode of travel of walking and descending steps, laden with her employer's training materials, from her residence to her car while enroute to an off-site weekend training session required by the terms of her employment and benefitting her employer.

In addition, KRS 342.610(1) expresses the additional legislative intent that work-related injuries remain compensable "without regard to fault as a cause of the injury"—though subject to express exceptions, including an

14

employee's voluntary intoxication and willful intent. Thus, generally, under our no-fault workers' compensation system it is immaterial whether the cause or source of injury was foreseeable by or within the control of either the employee or employer, whether the location of employment was "structurally sound and in good condition," or whether "some infirmity or disability not traceable to the employment may be remotely connected to the injury." *Stasel*, 278 S.W.2d at 723 (citations omitted). So long as the causative traumatic event "had its origin in a risk connected with the employment" and "flowed from that source as a rational consequence," and the location of employment constitutes "a source of danger to one hired to work there and if the place may be fairly said to be the efficient and operative cause of the injury," an employee is entitled to compensation. *Id.* "[T]he authorities are overwhelming that where the injury is contributed to by some factor peculiar to the employment it arises out of the employment even though the fall has its origin solely in some idiopathy of the employee." *Id.*

More specifically, regarding the traveling-employee exception, our predecessor court has explained:

> It is quite a different thing to go to and from a work site away from the regular place of employment, than it is to go to and from one's home to one's usual place of employment; it is the latter which generally comes within the so-called "going and coming rule" absolving the employers from Workmen's Compensation liability. The former comes within the principle stated in Larson, Workmen's Compensation Law, Vol. 1, Sec. 25.00: "Employees whose work entails travel away from the employer's premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown.

15

*Black v. Tichenor*, 396 S.W.2d 794, 796-97 (Ky. 1965). Thereafter, this Court

has also held:

> The general rule is that injuries sustained by workers when they
> are going to or returning from the place where they regularly
> perform the duties connected with their employment are not
> deemed to arise out of and in the course of the employment as the
> hazards ordinarily encountered in such journeys are not incident
> to the employer's business. However, this general rule is subject to
> several exceptions. For example, transitory activities of employees
> are covered if they are providing some service to the employer, i.e.,
> service to the employer exception.
>
> . . .
>
> Thus, work-related travel has come to mean travel which is for the
> convenience of the employer as opposed to travel for the
> convenience of the employee.
>
> . . .
>
> "[W]hen travel is a requirement of employment and is implicit in
> the understanding between the employee and the employer at the
> time the employment contract was entered into, then injuries
> which occur going to or coming from a work place will generally be
> held to be work-related and compensable, except when a distinct
> departure or deviation on a personal errand is shown."

*Olsten-Kimberly Quality Care*, 965 S.W.2d at 157 (citations omitted). In short,

the traveling-employee exception authorizes compensation when an employee's

injury arises while traveling to or from a location other than a fixed work site

while on "a special errand" benefitting the employer. *Spurgeon*, 469 S.W.2d at

553.

In the present case, the facts are undisputed. As a social services

clinician for the Commonwealth, Timmons reported to work on regular

workdays at an "on-site" physical office located in Mayfield, Kentucky, and

would thereafter travel "off-site" in her personal vehicle to perform quarterly

16

visits in the homes of foster parents or conduct training sessions at various locations, including area community centers and churches. On occasion, she would travel directly to her "off-site" assignments from her home. Regardless of whether traveling to "off-site" locations from her office or home, however, the Commonwealth provided compensation for her time and mileage.

On the Saturday morning of her injury, Timmons was scheduled to conduct an "off-site" training session at a church located in a nearby community at 8:30 a.m. At approximately 7:15 a.m., she abandoned any personal interests, activities, or routines at her home and initiated work-related travel to benefit the Commonwealth when she picked up a heavy three-ring training binder and walked out her front door heading to the training session. Unfortunately, she was unable to complete her travel or conduct the training due to tripping and falling from the front steps of her home and suffering a significant left leg injury.

Though the ALJ denied Timmons compensation based on the aforementioned erroneous understanding and application of the traveling-employee exception, he nevertheless correctly found—citing *Olsten-Kimberly Quality Care*—"the act of travelling between her home and the church was a benefit to the employer and outside the scope of the 'going and coming' rule." Clearly, as she crossed the threshold of her home and prepared to descend her front steps early on the fateful Saturday morning, heavy three-ring training binder in hand, Timmons demonstratively had begun her work-related travel to a location other than the Commonwealth's "fixed work site" to perform the "a

17

special errand" of conducting foster care training to the benefit of her employer. *Spurgeon*, 469 S.W.2d at 553. Under these facts and for this reason, Timmons's purposeful work-related act of walking down her front steps enroute to her off-site employment duties *did* create a benefit for the employer sufficient to trigger the traveling-employee exception. Therefore, her workers' compensation claim should not be barred by the going-and-coming doctrine, and I would affirm the Board and the Court of Appeals.

Keller and Lambert, JJ., join.

COUNSEL FOR APPELLANT:

Robert F. Ferreri
Ferreri Partners, PLLC

COUNSEL FOR APPELLEE:

Rodger W. Lofton

ADMINISTRATIVE LAW JUDGE:

Honorable Jeff V. Layson, III

WORKERS' COMPENSATION BOARD

Michael Wayne Alvey, Chairman