Kristie **SMART**, Appellant,

v.

**GEORGETOWN COMMUNITY HOSPITAL; Hon. R. Scott Borders, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2004–SC–0759–WC.

Supreme Court of Kentucky.

Aug. 25, 2005.

Theresa Gilbert, Lexington, Counsel for Appellant.

Walter A. Ward, Clark & Ward, Jonathan David Weber, Lexington, Counsel for Appellee.

### OPINION OF THE COURT

An Administrative Law Judge (ALJ) dismissed the claimant's application for benefits on the ground that an injury sustained while playing volleyball at an employer-sponsored picnic was not work-related. The Workers' Compensation Board (Board) and the Court of Appeals affirmed. Likewise, we affirm.

The claimant was born in 1969 and completed high school. She became employed by Georgetown Community Hospital in January, 2002, working Monday through Friday in a switchboard/registration position. On Saturday, August 24, 2002, the hospital held its annual picnic for employees and their families at Spindletop Hall in Lexington. The claimant testified that employees received an invitation with their regular paychecks. They were encouraged to attend but were not required to do so. The hospital made the necessary arrangements and provided food but did not conduct any business at the event. Her understanding was that the purpose of the picnic was to boost employee morale, to help them meet other employees they did not encounter daily, and to increase a sense of teamwork. Those who were scheduled to work on the Saturday of the picnic were provided with a meal.

The claimant testified that there were children's activities, door prizes, and recreational activities such as Karaoke, tennis, volleyball, and swimming for those who chose to participate. About two to three hours after she arrived, a group of about ten people began to play a pick-up game of volleyball. She played until she fell and injured her left knee, tearing the anterior

cruciate ligament. After being carried off the field, she was taken to the hospital for treatment. She had knee surgery in December, 2002.

The claimant returned to work around Memorial Day in 2003. She testified that the injury did not affect her ability to work although she did continue to have some pain. When deposed, she stated that she had switched to insurance collections and received the same or greater pay than when she was injured.

Sandra Hickey, the hospital's human resources director, testified that several employee events were held each year. Part of her job was to plan and make arrangements for them. She stated that the volleyball game at the picnic was not prearranged.

John Phillips, the hospital's assistant administrator and safety officer, testified that he attended the picnic. He stated that it was held off the hospital premises, for employees and their families only. Its purpose was employee recognition and entertainment. About 50–75 people attended.

The hospital asserted that the claimant's injury did not occur within the course and scope of her employment. When considering the question of work-relatedness, the ALJ relied on the factors considered in *Jackson v. Cowden Manufacturing Company*, 578 S.W.2d 259, 261 (Ky.App.1978), in which a worker was injured off the employer's operating premises, outside working hours, while playing basketball on a team in the local parks department industrial league. To participate in the league, a team had to be "sponsored" by a local business or industry which paid its entry fee. Team membership was limited to employees of the sponsor. Employees purchased their own uniforms but were reimbursed by the company after it withdrew the team from competition following Jackson's injury. The company name did not appear on the uniforms. Equipment was furnished by team members or the league, and team members rented practice facilities at their own expense. The team was organized by a group of interested employees who recruited others to play by passing around a sign-up sheet. They received no compensation, awards, or privileges for playing, and there was no evidence that the employer urged them to participate.

In concluding that Jackson's injury was not work-related, the court applied a modified version of the test set forth in A. Larson, *Workmen's Compensation Law* § 22 (1978), finding it to be helpful and harmonious with Kentucky workers' compensation law. *Id.* As modified, the test provides that an injury that occurs during recreational activity may be viewed as being work-related if:

1. It occurs on the premises, during a lunch or recreational period, as a regular incident of the employment; or

2. The employer brings the activity within the orbit of the employment by expressly or impliedly requiring participation or by making the activity part of the service of the employee; or

3. The employer derives substantial direct benefit from the activity beyond the intangible benefit of an improvement in employee health and morale that is common to all kinds of recreation and social life; or

4. The employer exerts sufficient control over the activity to bring it within the orbit of the employment.

The court explained that when an injury occurs off the operating premises and outside working hours, the circumstances must be examined in their entirety to determine what facts connect the injury to the employment. *Id.* at 262. No one fac-

tor should be given conclusive weight. Instead, the weight of the evidence on all of the facts must support imposing liability on the employer.

Analyzing the evidence in the present case, the ALJ noted that the claimant's injury did not occur on hospital premises or during the claimant's normal lunch or recreational period. Furthermore, the employer did not expressly or impliedly require participation in the volleyball game or otherwise make it part of the claimant's service as an employee. Nor did the employer exert sufficient control over the activity to bring it within the orbit of the employment or derive any substantial benefit from the picnic other than the intangible value of employee health and morale. Convinced that the claimant's injury did not occur within the course and scope of the employment, the ALJ dismissed her claim.

The burden was on the claimant to prove every element of her claim, including that it was work-related. Having failed to do so, her burden on appeal was to show that the favorable evidence was so overwhelming that it compelled a decision in her favor as a matter of law. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986). Convinced that she failed to do so, the Board and the Court of Appeals affirmed.

The claimant's injury occurred off the hospital premises and outside her normal working hours. Although the employer strongly encouraged employees to attend the picnic, the claimant conceded that she did not feel from reading the invitation that she was required to attend. Any benefit of the event to the employer consisted of improving employee morale, which was only intangible, not substantial. Finally, the pick-up volleyball game in which she was injured was neither organized nor controlled by the employer, and

her participation was purely voluntary. Under the circumstances, the evidence clearly did not compel a favorable finding.

The decision of the Court of Appeals is affirmed.

LAMBERT, C.J., and COOPER, JOHNSTONE, ROACH and WINTERSHEIMER, JJ., concur.

GRAVES, J., dissents by separate opinion in which SCOTT, J., joins.

GRAVES, Dissenting Justice.

Respectfully, I dissent.

The majority opinion and the decisions below deny the reality of the complex employment structure of hospitals in the highly competitive health care market. Having Ms. Smart at the picnic benefited the hospital because large employee attendance promoted community and institutional identity.

The claimant's injury should be compensable under the Kentucky Workers' Compensation Act as recreational activities have become an integral part of developing cooperation and efficiency at all levels within the hospital. This is particularly true not only when the employer gains a real benefit from the employee's participation but also the employee perceives "command influence" to attend the event.

The picnic gave Ms. Smart an opportunity to interact with her superiors in an informal setting conducive to candid discussion about her performance in the work place environment.

Ms. Smart's attendance at the picnic gave the hospital management an opportunity to evaluate her as a team player and observe her promotion potential based on her interactions with other employees in a social setting. Impressions made by the employee and reactions by other employ-

ees at the social function gave the hospital valuable personnel information about Ms. Smart's leadership abilities, cooperativeness, and managerial skills.

Employees are now aware of the important role that social outings play because standard employee performance reports rank employees on the basis of their attitude toward their work. Participation in outings confirms the hospital's evaluation whether an employee has a positive attitude and is an asset to the hospital.

A significant amount of the time spent at a recreational activity is devoted to cultivating work relationships which will aid in the efficient performance of her job at the hospital. Company gatherings outside the workplace are an important aspect of modern business practices and should be considered a part of the employment duties. The hospital paid for the picnic, planned and managed the picnic, and actively supported and encouraged the picnic.

In Section 22 of his treatise on Workmens' Compensation Law, Professor Larson points out that the employer has only to imply requiring participation to bring the "activity within the orbit of employment." Moreover, Professor Larson adds that an employer derives substantial benefits from recreational activities beyond the intangible value of improvement in employee health and morale. It was logical and reasonable to infer that she should attend because of the advertised attendance of hospital management. She testified that her employer expected her to attend.

SCOTT, J., joins this dissent.