**CLARK COUNTY BOARD OF EDUCATION, Appellant,**

v.

**Audeen JACOBS; Honorable Sheila C. Lowther, Chief Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2008–SC–000222–WC.

Supreme Court of Kentucky.

Feb. 19, 2009.

Thomas L. Ferreri, Ferreri & Fogle, PLLC, Louisville, KY, Stephanie Dawn Ross, Ferreri & Fogle, PLLC, Erlanger, KY, Counsel for Appellant, Clark County Board of Education.

Bridget S. Brown, Kentucky Education Association, Frankfort, KY, Counsel for Appellee, Audeen Jacobs.

## OPINION OF THE COURT

The Chief Administrative Law Judge (CALJ) determined that the claimant performed a service to her employer by accompanying students to a Beta Club convention; thus, an injury that she sustained at the convention was work-related. The Workers' Compensation Board and the Court of Appeals affirmed. Appealing, the employer asserts that the CALJ misapplied the law concerning service to the employer by failing to require evidence of a specific employer benefit rather than a vague and general benefit. We affirm because substantial evidence supported the finding that the injury was work-related.

The claimant was born in 1950 and has a master's degree in education. She began working for the Clark County Board of Education (the school board) in 1973 as a teacher. Although she retired in June 2003, the school board rehired her on a limited contract for the 2003 fall semester.

Since 1989 the claimant had been the primary sponsor for the George Rogers Clark High School chapter of Beta Club, an honor society for students who have a GPA above a certain level. The national Beta Club organization requires each chapter to be affiliated with a school and to have a sponsor. The claimant testified that early in her career administrators stressed the importance of being involved in school clubs and organizations. At the urging of the local Junior Beta Club's sponsor, she obtained permission from high school administrators and the national organization to establish a Beta Club.

The George Rogers Clark Beta Club held meetings at the high school. The group was self-funded, but school administrators required all income to be deposited

into the school's general fund and required the principal to approve any purchases. The claimant was not compensated for sponsoring the group.

With the principal's permission, some George Rogers Clark Beta Club members attended the organization's state convention, which was held in Louisville in December 2003. The organization required the sponsor and one or more chaperones to accompany the students. The claimant received her regular salary and was not required to deduct leave time. On December 6, 2003, she slipped and fell on a bleacher while attending one of the sessions, fracturing her shoulder in four places. She testified subsequently that the injury left her in chronic pain and with limited use of her left upper extremity, both of which were significantly disabling. The school board asserted that the injury was not work-related and denied the claim.

Nancy Farmer is a teacher in the Estill County schools and sponsors the Estill County Senior Beta Club. She confirmed that Beta Club is a national organization with strict requirements. Students who attend the state convention must be accompanied by both a sponsor and a chaperone. She also stated that she considers sponsorship of the club to be part of her responsibilities as a teacher.

Pat Aldridge is a teacher in the Clark County schools and sponsors the Junior Beta Club. As a former officer of the national organization, she confirmed the claimant's testimony regarding the organization's requirements. She testified that teachers in the school system may attend the Beta Club convention without taking leave time and that those students who attend receive an excused absence. Likewise, the school board permitted her to attend a one-week training session for National Beta Club officers without deducting leave time.

Donald Stump, the school board's Administrative Director, confirmed that teachers receive their regular salary and are approved for leave if a club activity requires their absence during school hours.

John Atkins, former principal of George Rogers Clark High School, testified that teachers are not required to be involved in school clubs or activities. Nor are they paid to be involved in extra-curricular activities, with the exception of some coaches. He described the Beta Club program as being "a good opportunity for kids," noting that members are eligible for scholarships and that the group's field trips and activities provide positive experiences.

The CALJ determined that the injury was work-related, relying on *Spurgeon v. Blue Diamond Coal Co.,* 469 S.W.2d 550 (Ky.1971). The opinion noted that the claimant attended the Beta Club convention with her principal's approval, without being required to use vacation or sick time. Moreover, the club provided a service to the employer by advancing the school's responsibility to educate students and prepare them for adult life. Thus, an injury that occurred at the convention was work-related because it arose out of and in the course of the claimant's work as a teacher.[1]

The school board argues that it did not compel the claimant to sponsor the Beta Club or attend the convention and, further, that the convention did not help her to maintain or advance her teacher certification. It also argues that the CALJ misapplied the "service to the employer" test by requiring only "some benefit" from the claimant's attendance at the convention rather than "a specific benefit." We disagree on these facts.

---

1. *Seventh Street Road Tobacco Warehouse v.* *Stillwell,* 550 S.W.2d 469 (Ky.1976).

The worker bears the burden of proof and risk of non-persuasion before the fact-finder with regard to every element of a claim.[2] KRS 342.285 designates the ALJ as the fact-finder and effectively limits the scope of review to considering allegations of legal errors. Thus, the ALJ has the sole discretion to determine the quality, character, and substance of evidence.[3] An ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof.[4] Although a party may note evidence that would have supported a different decision, such evidence is not an adequate basis for reversal on appeal.[5] When the party with the burden of proof fails to convince the ALJ, the party's burden on appeal is to show that overwhelming favorable evidence compelled a favorable finding, in other words, that no reasonable person could fail to be persuaded by the evidence.[6]

KRS 342.0011(1) requires a compensable injury to arise out of and in the course of the injured worker's employment. An injury arises out of an employment if the employment causes it, *i.e.*, if the employment subjects the worker to an increased risk of injury.[7] An injury occurs in the course of an employment if it takes place during the employment, at a place where the employee may reasonably be, and while the employee is working or otherwise serving the employer's interests.[8] The latter requirement is at issue presently.

Only a reasonable finding that an activity arises in the course of employment may be upheld on appeal.[9] An injury sustained while performing an activity outside normal working hours, or off the employer's premises, or during a recreational activity cannot reasonably be found to arise in the course of the employment unless other substantial evidence indicates that the employer brought the activity within the scope of the employment. *Spurgeon*, addressed the type of evidence that will show an employment connection.

Self-improvement activities generally are considered to be personal and not within the scope of the worker's employment.[10] *Spurgeon* concerned primarily whether the scope of the worker's employment included attendance at an after-hours training seminar, conducted off the employer's premises by an industry group to which the worker belonged. Noting that the record contained evidence but no specific findings regarding the degree of employer compulsion to attend the seminar or the degree to which the employer benefited from the worker's attendance, the court remanded the claim for further consideration. Relying primarily on authority from foreign jurisdictions, the court set forth a test for determining if the activity

2. *Roark v. Alva Coal Corporation*, 371 S.W.2d 856 (Ky.1963); *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky.App.1984); *Snawder v. Stice*, 576 S.W.2d 276 (Ky.App.1979).

3. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky.1985).

4. *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15, 16 (Ky.1977).

5. *McCloud v. Beth–Elkhorn Corp.*, 514 S.W.2d 46 (Ky.1974).

6. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky.1986).

7. See Arthur Larson and Lex K. Larson, *Larson's Workers' Compensation Law* ch. 3 (2008).

8. *Id.* at ch. 12.

9. *Special Fund v. Francis*, 708 S.W.2d at 643.

10. *Larson's*, § 27.03.

arose in the course of the employment, stating as follows:

> Employment connection may be supplied by varying degrees of employer encouragement or direction.... *[It] may also be bolstered by* the showing of a specific employer benefit as distinguished from a vague and general benefit.... (emphasis added).[11]

Addressing the matter of employer encouragement in greater depth, the court acknowledged that "[t]he clearest case for coverage" occurs when the individual is "directed to attend" an educational activity away from the work station but noted that it is sufficient for attendance to be "definitely urged." [12] The court noted also that "compulsion may be direct or indirect" due to an employee's subordinate position.[13] It "may range in degree from a mere suggestion to a direct order" and "may even arise from encouragement only." [14] The court concluded:

> If the slightest degree of compulsion is practiced by [the] employer then it must be presumed that the activity engaged in is incidental to the interests of the employer and therefore a part of the employee's work.[15]

*Spurgeon* requires an analysis of the facts and circumstances focusing on two essential principles: 1.) that an employer must exercise a sufficient degree of compulsion to permit a reasonable finding that it brought the disputed activity within the scope of the employment; and 2.) that evidence of a specific employer benefit may bolster evidence of compulsion.

The employer asserts that the CALJ erred in the present case by failing to apply what it characterizes as the "stricter" test for service to the employer found in *Jackson v. Cowden Manufacturing Company*, 578 S.W.2d 259 (Ky.App.1978), and *Smart v. Georgetown Community Hospital* 170 S.W.3d 370 (Ky.2005). Decided after *Spurgeon*, *Jackson* and *Smart* concerned whether an employer expanded the scope of employment to include an injury that occurred off the employer's premises, outside working hours, while the worker participated on a company team or in a company recreational activity. Contrary to the employer's assertion, the courts did not apply a stricter test. They applied the principles addressed in *Spurgeon* to the facts and circumstances and noted other factors that might connect a recreational activity to an employee's work.[16] The other factors were: 1.) that the activity took place on the employer's premises, during a lunch or recreational period; and 2.) that the employer exerted sufficient control over the activity to bring it within the orbit of the employment.

In *Jackson* the court determined that the fact-finder erred by finding that an injury occurred in the course of employment because the record contained no substantial evidence that the worker performed a service for the employer when playing on a company basketball team.[17] The court noted that there was no evidence of direct or indirect employer compulsion although the employer paid the team's league entry fees, sometimes purchased uniforms, and allowed the team to meet on the business premises. The court

---

11. *Spurgeon*, 469 S.W.2d at 553.

12. *Id.*

13. *Id.* at 554.

14. *Id.*

15. *Id.*

16. *See Smart*, 170 S.W.3d at 372.

17. *Jackson*, 578 S.W.2d at 263–65.

noted also that there was no evidence of a specific employer benefit, only evidence of the vague and general benefit of building company morale. Moreover, the activity in which the injury occurred took place off the employer's premises and the employer exerted no control over it.

In *Smart* the ALJ was not convinced that an injury when playing volleyball at a company picnic arose in the course of the employment. The court determined subsequently that the evidence did not compel a finding for the claimant because she conceded that she did not feel required to attend the picnic and because the picnic's only benefit to the employer was to build morale. Moreover, it was held off the employer's premises, outside normal working hours, and the employer neither organized nor controlled the pick-up volleyball game in which the injury occurred.

The ALJ determined in the present case that the claimant's injury arose in the course of her employment and, thus, was work-related. Although the injury occurred off school premises, the record permitted reasonable inferences that the school board encouraged her to perform the activity that resulted in her injury and viewed the activity as advancing its mission to educate students and prepare them for adult life. Not only did the principal approve the formation of a Beta Club and its trip to the convention, school administrators permitted the claimant to accompany club members to the convention during working hours, without deducting vacation or sick time. Moreover, Mr. Atkins testified to the benefits of Beta Club membership and other evidence indicated that administrators excused students from classes to attend the convention. A finding that the school board brought the Beta Club convention within the scope of the claimant's employment was reasonable under the circumstances and properly affirmed on appeal.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.