RENDERED:  DECEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0567-WC

OWENS & MINOR                                             APPELLANT

v.        PETITION FOR REVIEW OF A DECISION
          OF THE WORKERS' COMPENSATION BOARD
          ACTION NO. WC-17-83787

DEONDRAY COLE;
HONORABLE JOHN H. MCCRACKEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                               APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, MAZE, AND MCNEILL, JUDGES.

MCNEILL, JUDGE:  Owens & Minor petitions for review from an opinion of the

Workers' Compensation Board ("Board") affirming the opinion and order of the

Administrative Law Judge ("ALJ"), which found that claimant, Deondray Cole

("Cole"), was injured during the course and scope of his employment with Owens & Minor. Finding no error, we affirm.

## Background

Cole began working as a warehouse coordinator for Owens & Minor in January 2017. His main job duty was to retrieve product from the warehouse shelves to fulfill orders for shipment, often requiring him to operate heavy machinery to reach the product. Owens & Minor mandated that all employees be certified on a piece of equipment before operating it. To become certified, employees watched a video, took a written test, and received hands-on training from a safety and training coordinator.

Although this was the company's official policy, Cole testified it was common for employees already trained on the equipment to train other employees. This was corroborated by fellow employee Cameron Bethard, who testified that he saw employees training other employees on the equipment almost daily. He further testified that this training happened out in the open, where anyone, including management, could see.

Additionally, Steve Linton, a safety and training coordinator for Owens & Minor, as well as Igor Dizdaredic, Owens & Minor's human resources representative, admitted that Betsy Parks, a warehouse coordinator (like Cole), had

-2-

been approved to train other employees on the machinery, before sending them to the safety and training coordinators to be certified.

Although management testified that company policy prohibited employees from training one another on the equipment, this policy was not enforced until after Cole's injury. Both Cole and Bethard testified they were unaware of the policy until a few weeks after Cole's injury, when management held a meeting and announced employees could no longer train one another.

At the time of his injury, Cole was only certified to operate a piece of equipment known as a "cherry picker." Cole was certified by safety and training coordinator Steve Linton. Because Cole had previous experience with the equipment, Linton did not require that Cole receive hands-on training, but simply assessed Cole's proficiency on the machinery before certifying him.

On April 25, 2017, a fellow employee, Hasan Kzghair ("Hasan"), offered to train Cole on the "dockstocker," a kind of forklift. Cole had previously asked to be trained on the equipment and even testified it was required for some departments at Owens & Minor. Cole wanted to be trained on the dockstocker because he thought it would add value to the company and give him more flexibility to move around within the company. Following basic instruction, Cole attempted to operate the dockstocker. As he put the machine in reverse, he lost

control and fell backwards, trapping his arm between the machine and some steel racks.

Gerald Rivera, operations supervisor for Owens & Minor, arrived on scene to find Cole on the ground, his arm bleeding. Cole told Rivera that Hasan was training him on the dockstocker and he lost control. Hasan overheard this conversation and did not object. However, after speaking with other employees, Hasan denied training Cole. Rivera testified he did not believe Hasan was being truthful but was trying to avoid discipline.

Hasan testified he had exited the dockstocker to speak with other employees but had left it running. Suddenly, he noticed Cole operating the machine. Hasan again denied he was training Cole at the time of Cole's injury. Written statements were taken from several employees Hasan claimed he was with at the time of the incident, however none corroborate this claim. Adam Garcia, Cole's direct supervisor at the time of the incident, testified he had never seen Cole "goofing off" on equipment or at work in general.

Following an evidentiary hearing, the ALJ determined Cole was injured while acting in the course and scope of his employment with Owens & Minor. It found credible Cole's testimony that Hasan was training him how to operate the dockstocker at the time of his injury. It noted Cameron Bethard's corroborating testimony that employees routinely trained other employees how to

operate equipment and management's admission that one employee specifically had been approved to do so, despite company policy against it. The ALJ further credited Cole's testimony that he wanted to be trained on the dockstocker to add value to the company and better perform his job. The Board affirmed the ALJ's determination. This petition for review followed.

Standard of Review

Our standard of review in workers' compensation claims differs depending on whether we are reviewing questions of law or questions of fact. "As a reviewing court, we are bound neither by an ALJ's decisions on questions of law or an ALJ's interpretation and application of the law to the facts. In either case, our standard of review is *de novo*." *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009).

As to questions of fact, "[t]he ALJ as fact finder has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence." *LKLP CAC Inc. v. Fleming*, 520 S.W.3d 382, 386 (Ky. 2017) (citation omitted). Furthermore,

> [a]n ALJ may reject any testimony and believe or
> disbelieve various parts of the evidence, regardless of
> whether it comes from the same witness or the same
> adversary party's total proof. Although a party may note
> evidence that would have supported a different decision,
> such evidence is not an adequate basis for reversal on
> appeal.

*Clark Cty. Bd. of Educ. v. Jacobs*, 278 S.W.3d 140, 143 (Ky. 2009) (citation omitted). If an ALJ's findings of fact are supported by substantial evidence, a finding contrary to the ALJ's findings cannot be sustained. *AK Steel Corp. v. Adkins*, 253 S.W.3d 59, 64 (Ky. 2008). "Substantial evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Ford Motor Co. v. Jobe*, 544 S.W.3d 628, 632 (Ky. 2018) (citation omitted).

Analysis

The sole issue in this appeal is whether Cole was acting in the course or scope of his employment when injured. *See* KRS[1] 342.0011(1) (requiring a compensable injury to arise out of and in the course of the injured worker's employment). Owens & Minor argue that the ALJ's finding on this issue is not supported by substantial evidence. We disagree. "An injury arises out of an employment if the employment causes it, *i.e.*, if the employment subjects the worker to an increased risk of injury." *Jacobs*, 278 S.W.3d at 143. Further, "[a]n injury occurs in the course of an employment if it takes place during the employment, at a place where the employee may reasonably be, and while the employee is working or otherwise serving the employer's interests." *Id.*

---

[1] Kentucky Revised Statutes.

Here, the ALJ found Cole was training to use the dockstocker at the time of his injury and was acting in Owens & Minor's interest in doing so. Substantial evidence supports these findings. Cole testified Hasan was training him on the dockstocker when he lost control of the machine. Gerald Rivera, an operations supervisor, said Cole told him the same thing shortly after the injury, and Hasan, who was standing nearby, did not deny it. Cole explained he wanted to be trained on the dockstocker to better perform his job, help others in the warehouse, and increase his job skills. Cole asked to be trained on the dockstocker prior to his injury.

Owens & Minor contend the "overwhelming evidence was that [Cole] was participating in 'horseplay' at the time of the injury by taking the dockstocker for a 'joy ride' . . . ." It points to Hasan's testimony that he was not training Cole and that Cole was operating the dockstocker without his knowledge and permission. However, the ALJ found Hasan's testimony concerning the incident not credible. In making this determination it relied upon Gerald Rivera's testimony that Hasan initially did not deny training Cole but only did so after speaking with fellow employees. Rivera testified that while speaking with Cole, Hasan walked away and then returned moments later, denying Cole's account. Adam Garcia, Cole's direct supervisor at the time of the incident, testified Cole

was a good worker and he had never seen Cole "goofing off" on equipment or at work in general.

Even if Cole was training, Owens & Minor argue, such training was unauthorized because company policy prohibits employee-employee training. While recognizing this policy, the ALJ found Owens & Minor did not enforce it until after Cole's injury. This finding was supported by substantial evidence. Both Cole and Cameron Bethard testified that employee-employee training was common at Owens & Minor. Moreover, Steve Linton, Owens & Minor's training and safety coordinator, admitted that one employee, Becky Parks, had specifically been approved by management to train fellow employees because they were behind and needed people trained on dockstockers. As further evidence that Owens & Minor did not enforce the policy, Cole was not disciplined following his injury. Linton testified that after Cole's injury, the company implemented a "tough love" policy against operating a dockstocker without certification.

Essentially, Owens & Minor asks us to substitute our judgment for that of the ALJ, which we cannot do. On review, neither the Board nor the appellate court can substitute its judgment for that of the ALJ as to the weight of evidence on questions of fact. *Gaines Gentry Thoroughbreds/Fayette Farms v. Mandujano*, 366 S.W.3d 456, 461 (Ky. 2012) (citing KRS 342.285 and 342.290). As noted above, "[t]he ALJ as fact finder has the sole authority to judge the

weight, credibility, substance, and inferences to be drawn from the evidence." *Jobe*, 544 S.W.3d at 631 (citation omitted). "Although a party may note evidence that would have supported a different outcome than reached by an ALJ, such proof is an inadequate basis for reversal on appeal." *Miller v. Go Hire Employment Dev., Inc.*, 473 S.W.3d 621, 629 (Ky. App. 2015) (citation omitted). "Rather, it must be shown there was no evidence of substantial probative value to support the decision." *Id.* (citation omitted). Owens & Minor has not met this burden.

Conclusion

Accordingly, the opinion of the Workers' Compensation Board is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Rodney J. Mayer
Louisville, Kentucky

BRIEF FOR APPELLEE
DEONDRAY COLE:

Derek P. O'Bryan
Louisville, Kentucky