RENDERED:  SEPTEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0164-WC

MMJ MASONRY, INC.  APPELLANT

PETITION FOR REVIEW OF A DECISION
v.  OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-51241

RUBEN GUERRERO SILVA;
HONORABLE JONATHAN
WEATHERBY, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD  APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  A. JONES, L. JONES, AND KAREM, JUDGES.

KAREM, JUDGE:  Appellant, MMJ Masonry, Inc., appeals from an opinion of the

Workers' Compensation Board (the "Board") affirming the Administrative Law

Judge's ("ALJ") determination that Ruben Guerrero Silva's ("Silva") injury

occurred within the course and scope of his employment, his claim was not barred

by Kentucky Revised Statute ("KRS") 342.610(4), and his ultimate award of permanent total disability benefits and medical benefits. Upon our review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Silva filed a Form 101 on February 19, 2020, alleging that he had sustained work-related injuries to his spinal cord on December 12, 2019, in the following manner: "Fell 20 feet from scaffolding onto a pile of bricks. Suffered multiple fractures and a spinal cord injury. Client is paralyzed."

MMJ claimed that Silva had been voluntarily intoxicated at the time of the alleged work injury based on blood test results revealing a blood alcohol content of 0.206 and argued that KRS 342.610(4) was a bar to the action. MMJ provided Silva's blood test results, which were dated December 12, 2019, and collected shortly after he arrived at the hospital. Those test results did show Silva's plasma alcohol level to be 0.206. Additionally, MMJ introduced evidence that, at the time of the accident, Silva's driver's license had been suspended for three years due to speeding and DUI convictions, and he had been incarcerated for three months. Alternatively, Silva testified that he had not been drinking alcohol on the day of the accident. He claimed to have only had four beers the day before his accident.

In an order dated October 19, 2020, the ALJ granted MMJ's motion to bifurcate to allow the ALJ to make an initial determination regarding the affirmative defense of voluntary intoxication. Thereafter, in a June 29, 2021, interlocutory opinion and order, the ALJ determined Silva's claim was not barred by KRS 342.610(4) and that the work accident occurred within the course and scope of his employment with MMJ. Additionally, the ALJ overruled MMJ's petition for reconsideration in a July 29, 2021, order.

Thereafter, in an opinion and order entered on July 3, 2024, the ALJ determined, based on the medical evidence, that Silva had sustained a 93% whole person impairment due to the work injury, which had rendered him unable to perform any type of work for remuneration. Thus, the ALJ found that Silva had been rendered permanently and totally disabled by the work injury and awarded Silva $200.01 per week for 100% permanent disability commencing on December 12, 2019. The ALJ ordered that the benefits would terminate pursuant to KRS 342.730(4) as of the date Silva reached seventy years of age.

MMJ appealed to the Workers' Compensation Board, arguing that the ALJ erred by failing to find that Silva was acting outside the course and scope of his employment at the time of his accident by choosing to work while under the influence of alcohol. MMJ further argued that the ALJ erred by failing to find that Silva's claim was barred by KRS 342.610(4). Specifically, the Board found

nothing ambiguous within the language of KRS 342.610(4). Thus, the Board determined that it must interpret the statutory language to create a presumption pertaining only to illegal substances or the overuse of legally prescribed substances. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

We first note that the Clerk of our Court returned the appellees' brief in March 2025 because they failed to tender it within the prescribed time limit. The Clerk noted that the appellees could resubmit the document with a motion for additional time to file the document, which the appellees failed to do.

Thus, because the appellees did not file a brief, we may "(a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if [the] appellant's brief reasonably appears to sustain such action; or (c) regard the appellee[s'] failure as a confession of error and reverse the judgment without considering the merits of the case." Kentucky Rule of Appellate Procedure ("RAP") 31(H)(3). "The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007) (citations omitted). In this case, we decline to reverse the judgment without an independent review of the record and consideration of the merits of the case.

**1. Standard of Review**

The burden of proof for any affirmative defense in a workers' compensation case rests with the employer. *Whittaker v. Hardin*, 32 S.W.3d 497, 499 (Ky. 2000). To sustain that burden, an employer is required to set forth substantial evidence, defined as "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer v. B.F. Goodrich Chemical Co.*, 474 S.W.2d 367, 369 (Ky. 1971). Because MMJ was unsuccessful in sustaining its burden, the question on appeal is whether the evidence compels a different result. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984). "Compelling evidence" is defined as evidence so overwhelming that no reasonable person could reach the same conclusion as the ALJ. *Id.*

An appellate court reviews questions of law and the application of law to facts under the *de novo* standard. *Bowerman v. Black Equipment Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009). As to questions of fact, the standard of review is whether the finding was "clearly erroneous," meaning "unreasonable under the evidence presented." *Letcher Cnty. Bd. of Educ. v. Hall*, 576 S.W.3d 123, 126 (Ky. 2019).

## 2. **Discussion**

On appeal, MMJ argues that (1) Silva's alcohol intoxication at the time of his injury took him outside the course and scope of his employment, such that his claim was not compensable and (2) Silva's consumption of alcohol in violation of KRS 222.202 made the alcohol an "illegal" substance such that MMJ was entitled to the presumption set forth in KRS 342.610(4).

In this case, the ALJ was correct in finding that Silva was acting within the course and scope of his employment at the time of his fall. "KRS 342.0011(1) requires a compensable injury to arise out of and in the course of the injured worker's employment." *Clark County Bd. of Educ. v. Jacobs*, 278 S.W.3d 140, 143 (Ky. 2009). Indeed, "injury" is defined under Kentucky law as "any work-related traumatic event or series of traumatic events, including cumulative trauma, arising out of and in the course of employment which is the proximate cause producing a harmful change in the human organism evidenced by objective medical findings." KRS 342.0011(1). Thus, "[a]n injury occurs in the course of an employment if it takes place during the employment, at a place where the employee may reasonably be, and while the employee is working or otherwise serving the employer's interests." *Jacobs*, 278 S.W.3d at 143 (citation omitted).

Here, Silva was clearly working within the scope and course of his employment. Silva's supervisor, who was the brother-in-law of MMJ's owner,

drove Silva to the work site and had direct supervision and control over Silva and his work activities. Moreover, at the time of his injury, Silva was climbing or walking on a scaffold to complete work on MMJ's behalf.

Further, MMJ's reliance on the holding in *Roach v. Wilson* is misplaced. 551 S.W.3d 450 (Ky. App. 2017). In *Roach*, the Court of Appeals determined Roach was acting outside the course and scope of her employment as a school bus driver when she was involved in an accident while under the influence of Prozac, Klonopin, and Lortab. *Id.* at 452.

However, at the time that the Court decided *Roach*, KRS 342.610(3) read as follows: "Liability for compensation shall not apply where injury . . . to the employee was proximately caused primarily by voluntary intoxication as defined in KRS 501.010[.]" KRS 501.010(2) defined "intoxication" as "a disturbance of mental or physical capacities resulting from the introduction of substances into the body." Moreover, KRS 501.010(4) defined "voluntary intoxication" as "intoxication caused by substances which the defendant knowingly introduces into his body, the tendency of which to cause intoxication he knows or ought to know, unless he introduces them pursuant to medical advice or under such duress as would afford a defense to a charge of crime."

Since the passage of House Bill 2 in 2018, "voluntary intoxication" is defined in KRS 342.610(4), which removed all references to KRS 501.010 and

reads as follows: "If an employee voluntarily introduced *an illegal, nonprescribed substance or substances or a prescribed substance or substances in amounts in excess of prescribed amounts* into his or her body detected in the blood, as measured by a scientifically reliable test, that could cause a disturbance of mental or physical capacities, it shall be presumed that the illegal, nonprescribed substance or substances or the prescribed substance or substances in amounts in excess of prescribed amounts caused the injury, occupational disease, or death of the employee and liability for compensation shall not apply to the injury, occupational disease, or death to the employee." (Emphasis added.)

Therefore, under the statutory language of KRS 342.610(4) in effect at the time of Silva's injury, "voluntary intoxication" encompasses only "illegal, nonprescribed substance or substances" or "prescribed substance or substances in amounts in excess of prescribed amounts[.]" As alcohol is neither a prescribed nor an illegal substance, it does not fit within the purview of KRS 342.610(4). "[W]here a statute is amended or re-enacted in different language, it will not be presumed that the difference between the two statutes was due to oversight or inadvertence on the part of the Legislature. On the contrary, it will be presumed that the language was intentionally changed for the purpose of effecting a change in the law itself." *City of Somerset v. Bell*, 156 S.W.3d 321, 326 (Ky. App. 2005) (quoting *Eversole v. Eversole*, 185 S.W. 487, 489 (Ky. 1916)). Thus, *Roach* is

inapposite to this situation, and we affirm the ALJ's determination that Silva was acting within the course and scope of his employment.

MMJ next argues that the Board erred in failing to find that Silva's claim was barred due to his voluntary intoxication pursuant to KRS 342.610(4). The Board affirmed the ALJ's determination that, because alcohol is not an "illegal" or "prescribed" substance as required under the amended version of KRS 342.610(4), the statute did not apply to this situation. We agree.

MMJ argues that the statute applies because Silva's alcohol intoxication was illegal per KRS 222.202, which states that "[a] person is guilty of alcohol intoxication when he appears in a public place manifestly under the influence of alcohol to the degree that he may endanger himself or other persons or property, or unreasonably annoy persons in his vicinity."

However, while this statute may render public intoxication a criminal offense, the statute does not render alcohol an illegal substance. The fact remains that no provision within KRS 342.610 addresses intoxication through the consumption of alcohol. Once again, KRS 342.610(4) requires an "illegal, nonprescribed substance or substances" or a "prescribed substance or substances in amounts in excess of prescribed amounts" before the voluntary intoxication defense is available. Therefore, we affirm the ALJ as to this issue.

## CONCLUSION

For the foregoing reasons, we affirm the Board's opinion affirming the ALJ's opinions and orders.

JONES, L., JUDGE, CONCURS.

JONES, A., JUDGE, CONCURS AND FILES SEPARATE OPINION.

JONES, A., JUDGE, CONCURRING: I concur in the Court's Opinion. I write separately to suggest that the General Assembly may wish to reexamine its most recent revision of KRS 342.610(4) in light of the outcome of this case. As written, the statute excludes alcohol intoxication from its reach, even when—as here—an employee reports to work in a severely impaired condition and suffers injury as a result.

The General Assembly's 2018 amendment to KRS 342.610(4) eliminated the broader "voluntary intoxication" bar and replaced it with language limited to "illegal, nonprescribed substance[s]" or "prescribed substance[s] . . . in amounts in excess of prescribed amounts." Alcohol is neither. Thus, under the current statutory text, the ALJ and the Board correctly determined that the defense is unavailable to the employer.

I note, however, that under the prior statutory scheme, which encompassed voluntary intoxication, the employer's defense likely would have prevailed. And for good reason: when an employee appears for work in a severely

-10-

compromised state, climbs scaffolding while intoxicated, and is injured as a result, common sense suggests that workers' compensation should not reward such recklessness.

The temptation is to strain the current statutory text to reach that outcome.  But doing so would be rewriting, not interpreting.  The language says what it says, and our role is to apply it.  If the result here is unsatisfactory as a matter of policy, the remedy lies not with the courts but with the General Assembly.

I therefore respectfully urge the legislature to consider whether the current statutory formulation adequately addresses workplace injuries caused by alcohol intoxication, or whether a return to the prior "voluntary intoxication" standard is warranted.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Morgan J. Fitzhugh
Lexington, Kentucky